461 So.2d 1017 (1984)
SWIFT INDEPENDENT PACKING COMPANY, Appellant,
v.
BASIC FOOD INTERNATIONAL, INC., a Florida Corporation, Appellee.
No. 84-1308.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Rehearing Denied January 11, 1985.
Steven E. Siff of McDermott, Will & Emery, Miami, for appellant.
Arthur M. Wolff of Wolff & Gora, P.A., Fort Lauderdale, for appellee.
BARKETT, Judge.
Appellant challenges the propriety of an adverse summary judgment. The issue argued before the trial court at the hearing on the motion was whether the independent broker who negotiated with the parties for the sale of beef from the prospective seller, Swift, to the prospective buyer, Basic, was Swift's agent, capable of binding Swift. The trial court determined that an agency *1018 relationship had not been established precluding Swift's recovery and granted appellee/defendant Basic's motion for summary judgment.
The record reflects that prior to this hearing, the issue of agency had never been raised by the parties. In the pleadings both parties treated the broker as Swift's agent. Basic's motion for summary judgment not only failed to allege the failure of the agency relationship, but described the broker as Swift's agent.
Rule 1.510(c), Florida Rules of Civil Procedure, provides in part:
The motion [for summary judgment] shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing.
Basic's motion for summary judgment was based on allegations that no genuine issue existed "with respect to the underlying verbal contract being devoid of any agreement as to the terms of credit... ." At the hearing on the motion, however, Basic's counsel argued that the broker was not Swift's agent. He conceded that he had described the broker in his motion and in prior pleadings as Swift's agent, but had decided to change his position. The court granted Basic's motion for summary judgment. Swift, unprepared for the issue of agency at the hearing, subsequently attempted to provide an affidavit to the court on the agency issue by way of a motion for rehearing. This motion was denied. Such an ambush is exactly what Rule 1.510(c), Florida Rules of Civil Procedure, was designed to prevent. Cf. Spinner v. Wainer, 430 So.2d 595 (Fla. 4th DCA 1983). Moreover, granting Basic's motion for summary judgment on these facts not only violated Rule 1.510(c), but also the principle that when considering such a motion, the court should take a strict reading of the papers filed by the moving party and a liberal reading and construction of the paper filed by the opposing party. See, e.g., Holl v. Talcott, 191 So.2d 40, 46 (Fla. 1966); National Properties, Inc. v. Ballenger Corporation, 277 So.2d 29, 30 (Fla. 3d DCA 1973); Fernandez v. Cunningham, 268 So.2d 166, 169 (Fla. 3d DCA 1972).
Furthermore, it is not clear from the record in this case that Basic negated the existence of genuine issues of material fact. See Landers v. Milton, 370 So.2d 368 (Fla. 1979); McCabe v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977).
The summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.