DANAHY, Judge.
The appellants (HNTB and Phillips & Jordan) bring this appeal from a partial summary judgment determining them to be liable in indemnity to appellee (Lee County) for damages recoverable against Lee County by Macasphalt, Inc. We reverse.
This litigation arises from the construction of an airport by Lee County which was partially funded by a grant from the Federal Aviation Authority (FAA). The plaintiff, Macasphalt, had entered into a contract with Lee County for the paving of the runways and taxiways of the airport. After Macasphalt had begun its work, the FAA suspended further federal funding until corrections were made in the embankments or built-up earthen foundations upon which the pavements were to be constructed. Accordingly, Lee County directed Ma-casphalt to halt its work. Macasphalt claimed damages for delays and the ultimate cancellation of its contract.
Lee County filed a third party complaint against the appellants for indemnity. It alleged that Lee County had entered into a contract with HNTB under which HNTB was to provide Lee County with engineering, design and construction management services relating to the planning, design, and construction of the airport. Lee County’s complaint further alleged that it entered into a contract with Phillips & Jordan for the site preparation work, including the construction of the embankments; that Phillips & Jordan constructed the embankments and HNTB ultimately gave Lee County final certification that the work had been satisfactorily completed; and that on this basis Lee County told Macasphalt to begin the paving. The complaint alleged that as a direct result of HNTB’s and Phillips & Jordan’s breaches of contract and *248 negligence in connection with constructing the embankments, the FAA suspended further federal funding until any embankment defects could be corrected.
Subsequently Lee County filed a motion for partial summary judgment asserting that there was no genuine dispute with respect to the fact that Lee County’s stop work orders and termination of Macasphalt were a direct result and consequence of the FAA’s requiring that the runway embankments be removed and reconstructed to meet federal standards. The motion further stated that there was no genuine dispute as to the fact that the FAA’s suspension of funding and the FAA’s mandate to remove and reconstruct the runway embankment all were a direct result and consequence of Phillips & Jordan’s breach of contract and HNTB’s failure to supervise Phillips & Jordan’s work.
The motion for partial summary judgment came on for hearing on October 25, 1984. The appellants were given more than twenty days’ notice of that hearing. We do not have before us a copy of the transcript of that hearing, but apparently Lee County argued in support of its motion that the FAA disapproval of the embankment work constituted a breach of HNTB’s and Phillips & Jordan’s contracts regardless of the quality of the performance of their work. HNTB and Phillips & Jordan claim that they were surprised and not prepared to meet that argument; that they had come to the hearing prepared to demonstrate that there were genuine issues of fact as to whether they had properly performed their contracts. Lee County, however, had shifted the focus of the case from viewing the FAA disapproval as the result of the appellants’ alleged breaches of contract to viewing the FAA disapproval as constituting breaches of the appellants’ contracts as a matter of law.
The trial judge declined to grant Lee County’s motion for partial summary judgment at the conclusion of the October 25 hearing. Lee County says that the trial judge expressed the feeling that he had not had sufficient time to hear all the argument and make a decision. Be that as it may, on October 30 the trial judge entered an order denying the motion “without prejudice.”
Lee County then filed a notice of hearing with respect to all pending motions. One or both of the appellants moved to strike the notice on the ground that there was no motion then pending. In response to the motion to strike, Lee County filed on November 2, 1984 (a Friday), a motion for rehearing with respect to its motion for partial summary judgment, together with a notice of hearing on that motion to be held on November 5 (the following Monday). On November 5, the trial judge heard Lee County’s arguments and agreed with Lee County that the November 5 hearing was merely a continuance of the October 25 hearing, as it pertained to the motion for partial summary judgment. Counsel for Lee County asserted that “the legal proposition that we argued before the Court the last time is the one that we still rely on because we feel it is controlling and that is when one renders a performance for which governmental approval or inspection is required, that person, that contractor obtains or undertakes the duty of obtaining that approval and if he doesn’t get that approval, the risk of the disapproval is on the contractor.” The trial judge expressed his ruling that “I agree with the County that this is strictly a contract problem and that the County hired [HNTB] and [Phillips & Jordan] to do the work so there would ultimately be a certificate of operation or occupation in order to operate that airport as an airport ... and they didn’t get that. And that is my interpretation of the contract. I think that is what the contract required. I think the contract was breached and for that reason I grant the Motion for Summary Judgment against HNTB and Phillips & Jordan and their surety.”
Thereafter the trial judge entered a written order finding that there were no genuine issues of material fact in dispute as to the appellants’ liability to Lee County and that Lee County was entitled to partial *249 summary judgment as a matter of law. This appeal followed.
The first two issues asserted by the appellants are procedural ones. They assert, first, that Lee County’s motion for partial summary judgment was deficient under Florida Rule of Civil Procedure 1.510(c) because it failed to state with particularity the grounds upon which it was based and the substantial matters of law to be argued. Secondly, the appellants assert that Lee County failed to give them twenty days’ notice with respect to the motion for partial summary judgment as required by rule 1.510(c).
We believe that on the face of the motion, Lee County’s motion for partial summary judgment was not deficient in that it asserted no genuine dispute as to the fact that HNTB and Phillips & Jordan breached their respective contracts. We do agree with the appellants, however, that they were not provided with sufficient notice with respect to the theory advanced by Lee County in support of its motion. Nowhere in the motion does Lee County reveal the theory on which it proceeded — that regardless of the quality of performance by HNTB and Phillips & Jordan under their respective contracts, those contracts were breached as a matter of law when the FAA suspended funding and required that the embankment work be corrected. Assuming that theory was put forth at the October 25 hearing and even assuming that the November 5 hearing was an extension of the prior hearing, still HNTB and Phillips & Jordan had only eleven days’ notice at best of the substantial matters of law which Lee County intended to argue. Under these circumstances, we believe that the granting of the motion for partial summary judgment was erroneous because of the lack of notice and we reverse.
Because our decision has been reached on the procedural point, we express no opinion as to the trial judge’s finding that there are no genuine issues of material fact with respect to the legal theory propounded by Lee County.
We reverse and remand for further proceedings consistent with this opinion.
RYDER, C.J., and LEHAN, J., concur.