509 So.2d 1375 (1987)
Cecil E. LOCKE and His Wife, Mildred M. Locke, Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. BO-255.
District Court of Appeal of Florida, First District.
July 23, 1987.
*1376 Bill A. Corbin, Blountstown, for appellants.
Jack G. Williams, Panama City, for appellee.
NIMMONS, Judge.
This is an appeal from a summary judgment in favor of the appellee/mortgagee in a foreclosure suit. The appellants/mortgagors also appeal an earlier order denying their motion to dismiss.[1] Finding that genuine issues of material fact remain, we reverse the summary judgment, but affirm the denial of the motion to dismiss.
Appellee's foreclosure complaint alleged that appellants defaulted on the note and mortgage by failing to pay the same according to the terms thereof, that appellants owe principal and interest from October 28, 1980, and that "plaintiff declares the full amount payable." The complaint was filed January 10, 1986.
Appellants filed a motion to dismiss based on the running of the statute of limitations. The motion was denied. Appellants then filed an answer generally denying most of the allegations and pleading the following affirmative defenses: 1) estoppel; 2) laches; 3) res judicata; 4) statute of limitations; and 5) waiver. Appellee filed no responsive pleading. Appellee filed a motion for summary judgment, an affidavit in proof of amount due, and an affidavit as to attorney's fees. The motion was granted after hearing. This appeal followed.
Appellee has filed herein a "Confession of Error" in which appellee admits error "in that certain procedural requirements including the awarding of attorney's fees were in error." From the briefs and record herein, it is apparent that such errors include an error in the judgment's legal description of the property, a variance between the amount due according to the plaintiff's affidavits and the amount provided in the judgment, and error in the procedure followed in the awarding of plaintiff's attorney's fees.
In addition to the above errors admitted by appellee, we reverse the order granting summary judgment because we agree with appellants that the motion for summary judgment did not meet the minimum requirements of Fla.R.Civ.P. 1.510, which provides in pertinent part:
(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. * * *
*1377 The appellee's motion stated only in general terms that no material issues of fact or law existed and that appellee was entitled to the relief requested. Such a motion is insufficient to place the nonmoving party on notice of the issues of fact or law which will be argued at the hearing. See Finn v. Lee County, 479 So.2d 246 (Fla. 2d DCA 1985); Epperson v. Dixie Ins. Co., 461 So.2d 172 (Fla. 1st DCA 1984); City of Brooksville v. Hernando County, 424 So.2d 846 (Fla. 5th DCA 1983). By appropriate objection, appellants preserved their right to complain on appeal of the motion's deficiency.
Appellants also appeal the denial of their motion to dismiss, arguing that the statute of limitations had run on the instant action. They argue that since five years had run from the time of default to the filing of the action, Section 95.11(2)(c), Florida Statutes, prohibits the current action. It has been held that the statute of limitations on a mortgage foreclosure action does not begin to run until the last payment is due unless the mortgage contains an acceleration clause. Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977). In the instant case, the mortgage, which provides for installment payments with the last payment due in May, 2008, contains an optional acceleration clause. In such a case no acceleration occurs until the holder of the mortgage exercises his right to accelerate. See Cook v. Merrifield, 335 So.2d 297 (Fla. 1st DCA 1976). In the instant case, the appellee did not exercise its right to accelerate until the filing of its complaint. Therefore, the motion to dismiss was properly denied.
In view of appellee's admissions of error and our holdings herein, we need not discuss appellants' other points. The summary judgment is REVERSED and this cause is REMANDED for further proceedings consistent herewith.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] Such order denying appellants' motion to dismiss was, of course, interlocutory. No issue has been raised regarding that order's appealability as part of the appeal from the trial court's subsequent final order granting summary judgment. See generally, 3 Fla.Jur.2d Appellate Review, Section 307.