510 So.2d 1231 (1987)
David Wilson CHESHIRE, Appellant,
v.
MAGNACARD, INC., Appellee.
No. 86-2829.
District Court of Appeal of Florida, Second District.
August 14, 1987.
*1232 Steven A. Werber and Gardner F. Davis of Commander, Legler, Werber, Dawes, Sadler & Howell, Jacksonville, for appellant.
Thomas L. Boll of Murphy & Clark, P.A., Lakeland, for appellee.
RYDER, Acting Chief Judge.
Between 1979 and 1983, A.T. Bliss and Company, Inc. (Bliss) and its affiliates sold unregistered securities in the form of limited partnership interests to the public. The investments were structured so that the investor provided the partnership with a cash down payment out of which Bliss received a fee, plus a promissory note. Bliss made arrangements for allegedly independent entities to finance one-half of each of the cash down payments.
Cheshire invested in three Bliss sponsored limited partnerships: Aqua-Solar Associates, Bliss Partners-'83 and Bliss-Solar '83. In each instance, Bliss arranged for an allegedly independent entity to finance fifty percent of the cash down payment. On December 30, 1982, Cheshire purchased units in Aqua-Solar Associates. Bliss arranged for North American, an alleged Bliss affiliate, to provide fifty percent of Cheshire's cash down payment. Cheshire gave North American two promissory notes (North American Notes).
On June 23, 1983, Cheshire purchased units in Bliss-Partners-'83. Bliss arranged for Diversified Equities, an alleged Bliss affiliate, to finance 50% of Cheshire's cash down payment. Cheshire gave Diversified Equities one promissory note (Diversified Note).
On July 1, 1983, North American assigned the North American Notes to Diversified Equities. On November 30, 1983, Diversified Equities assigned the North American Notes and the Diversified Note to Magnacard, Inc., appellee.
On December 23, 1983, Cheshire purchased units in Bliss-Solar '83. Bliss arranged for Magnacard, Inc., an alleged Bliss affiliate, to finance one-half of the cash down payment. Magnacard transferred the funds directly to Bliss (Magnacard Transfer).
Magnacard subsequently filed a one-count complaint against Cheshire seeking to collect on the North American Notes, the Diversified Note, and the Magnacard Transfer. Cheshire raised the following affirmative defenses: (1) Cheshire's purchase of limited partnership interests involve the purchase of securities as defined in the federal and state securities statutes and, accordingly, the numerous fraudulent misrepresentations by Bliss in connection with each of the sales provided "valid defenses to the notes and outgoing [Magnacard] transfer of funds under the federal and Florida securities laws"; (2) Magnacard was not a holder in due course because it purchased the North American Notes and the Diversified Note "as part of a bulk transaction not in the regular course of business of the transferor" and because Magnacard "had notice at the time of acquiring the notes that said notes had been given in connection with the sale of unregistered securities ... sold by virtue of false and misleading information"; (3) Magnacard "knew when making the $20,000.00 loan on or about December 23, 1983, that *1233 said loan was being made in connection with the sale of unregistered securities ... being sold under false and misleading representation."
After limited discovery and appellant's filing of a third party complaint against Bliss and Bliss affiliates, appellee moved for partial summary judgment as to the Magnacard Transfer. Appellee presented a single ground in support of summary judgment: appellant failed to produce documentary evidence to support his affirmative defenses. In a memorandum of law, appellant responded that appellee had the burden of proof on an affirmative defense at the summary judgment stage. Appellant did not attend the hearing on the motion for summary judgment.
In an order dated June 25, 1986, the trial court granted appellee's motion for partial summary judgment. The order provided:
FINDING that, whether or not the Plaintiff did or did not have such knowledge as the Defendant has alleged in his Affirmative Defense Number 10, the facts alleged in such Affirmative Defense are insufficient and do not rise to the level of a legal defense, based upon the following two cases cited by the Plaintiff, Ramel v. Chasebrook Construction Co., 135 So.2d 876 (Fla. 2d DCA 1961) and Taylor v. American Honda Motor Co., Inc., 555 F. Supp. 59 (U.S.Dist.Ct., Fla. Middle Dist. 1983), (sic) and further
FINDING no other disputed facts in regard to the Plaintiff's Motion,
It is therefore,
ORDERED AND ADJUDGED that the Plaintiff, Magnacard, Inc., is entitled to a Partial Summary Final Judgment, and that the Plaintiff, Magnacard, Inc., do have and recover and from the Defendant, David Wilson Cheshire, the sum of $20,000.00 and costs in the amount of $211.15, for a total judgment in the amount of $20,211.15, with legal interest since December 23, 1983 until paid.
DONE AND ORDERED this the 25th day of June, 1986, in Chambers, Bartow, Polk County, Florida.
On August 7, 1986, appellee filed a motion for writ of execution. On October 14, 1986, the trial court granted the writ of execution and entered an order clarifying the date of entry of the partial summary judgment. The order clarifying the date of entry provided:
1. That the Court held a hearing on the Plaintiff's Motion for Summary Judgment on June 6, 1986.
2. That subsequent to said hearing, the Court entered the "Partial Summary Final Judgment." That by the typewritten terms of the Partial Summary Final Judgment, the judgment was entered June 25, 1986. By reviewing certain correspondence received from counsel for Plaintiff and counsel for Defendant, the Court is satisfied that the actual entry date of the Order was July 25, 1986, and that the error was caused by the Court failing to change the typewritten provision of June to July at the time of entry of the Order.
3. That regardless of when the Judgment was actually entered, it would appear that the same was filed with the Clerk on July 31, 1986, this being indicated by the Clerk's stamp on the face of the Partial Summary Final Judgment.
4. That although the face of the Partial Summary Final Judgment may have indicated June 25, that the commencement of time periods prescribed by Florida Rules of Appellate Procedure 9.020(g) would be governed by the Clerk's stamp indicating when the same was filed.
5. That the parties did receive their copies of this Order in a timely manner following the filing by the Clerk and, accordingly, no prejudice has inured to either party.
Appellant filed his appeal on November 6, 1986. Appellee brought a motion to dismiss arguing that appellant's appeal was untimely and should be dismissed. Appellee contended that appellant should have appealed within thirty days of July 31, 1986, the date the order was filed with the clerk. We denied appellee's motion to dismiss.
*1234 On July 25, 1986, the trial court granted partial summary judgment in favor of appellee awarding appellee $20,000.00 plus costs. On October 14, 1986, the trial court granted appellee's motion for writ of execution providing for immediate execution on the partial summary judgment. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) provides for appellate review of nonfinal orders of lower tribunals which determine the right to immediate monetary relief. Appellant filed his appeal within thirty days of the October 14 order. Appellant timely appealed.
Appellant raises three points on appeal: (1) trial court erred in granting partial summary judgment upon a ground not presented in appellee's motion and not briefed by appellant; (2) trial court erred in granting a partial summary judgment against appellant because appellant presented several affirmative defenses which are recognized under the law and supported by the facts; (3) trial court erred in permitting immediate execution on a partial summary judgment which did not resolve all of the claims between appellee and appellant arising out of the same factual context. Because we find merit in the first point on appeal and reverse on that basis, we need not address appellant's other points.
The trial court improperly granted appellee a partial summary judgment on a ground not presented in appellee's motion for partial summary judgment. Florida Rule of Civil Procedure 1.510(c) provides that: "The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued... . The purpose of the rule is to put the opposing party on notice as to the grounds which will be asserted against him." Burns v. Consolidated American Insurance Co., 359 So.2d 1203, 1206 (Fla. 3d DCA 1978). In the motion for partial summary judgment, appellee's sole ground was that appellant failed to substantiate his affirmative defenses with documentation. In appellant's memorandum of law in opposition to the motion, appellant argued that appellee failed to overcome appellant's affirmative defenses as the movant for a summary judgment has to present evidence to conclusively overcome the respondent's affirmative defenses. At the hearing on appellee's motion, appellee presented two fraudulent concealment cases. Appellee's motion for partial summary judgment, however, failed to mention appellee's intent to rely on the fraudulent concealment argument. Relying on the two fraudulent concealment cases, the trial court granted appellee's motion for partial summary judgment. As was stated in Swift Independent Packing Co. v. Basic Food International, Inc., 461 So.2d 1017, 1018 (Fla. 4th DCA 1984), "Such an ambush is exactly what Rule 1.1510(c), Florida Rules of Civil Procedure, was designed to prevent." As happened in Swift, the trial court in the instant case also violated the principle that "when considering such a motion, the trial court should take a strict reading of the papers filed by the moving party and a liberal reading and construction of the paper filed by the opposing party."
Accordingly, we reverse and set aside the partial summary judgment and the writ of execution and remand for proceedings consistent with this opinion.
Reversed.
FRANK and THREADGILL, JJ., concur.