WIGGINTON, Judge.
Appellant filed a three-count complaint individually and as legal guardian of her two children stating actions to quiet title to real property, to cancel a deed to real property, and for violation of a constructive trust. After responding to the complaint, appellees filed a motion for summary judgment which simply stated generally that, “[Tjhere is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law.” Appellant filed a motion to strike the motion for summary judgment on the basis that it did not meet the barest requirements of rule 1.510(c), Florida Rules of Civil Procedure. The trial court entered an order holding in abeyance the disposition of the motion for summary judgment until appellant filed a memorandum in opposition to it. However, following appellant’s filing of her verified response to said order, the trial court granted the motion for summary judgment. On appeal, appellant argues that the trial court erred in granting summary judgment since the motion did not conform to the rule. We agree and reverse.
Rule 1.510(c) states that the motion for summary judgment “shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing.” In the instant case, the motion filed by appellees did not meet the barest requirements of rule 1.510(c) as it did not state with particularity the grounds upon which it was based. “Such a motion is insufficient to place the non-moving party on notice of the issues of fact or law which will be argued at the hearing.” Locke v. State Farm Fire and Casualty Company, 509 So.2d 1375, 1377 (Fla. 1st DCA 1987); Finn v. Lee County, 479 So.2d 246 (Fla. 2d DCA 1985).
Although appellees contend that appellant was not prejudiced since she was given fifteen days within which to present a memorandum or affidavit in opposition to the motion and said response was considered by the court before rendering its decision, we suggest that that is not sufficient to cure the defect. If one were to argue that appellant was placed on notice at the time she filed her response to the motion, that response was filed within thirteen days of the entry of the final order of summary judgment and gave her at best only thirteen days’ notice of the substantial matters of law intended to be argued. Under similar circumstances, the court in Finn believed that the granting of the motion was erroneous due to lack of notice.
REVERSED and REMANDED for further proceedings.
WENTWORTH and THOMPSON, JJ., concur.