577 So.2d 936 (1991)
Raymond KENDRICK, et al., Petitioners,
v.
ED'S BEACH SERVICE, INC., Respondent.
No. 76114.
Supreme Court of Florida.
February 14, 1991.
Rehearing Denied April 26, 1991.
Robert B. Staats of Staats, Overstreet, White & Clarke, Panama City, for petitioners.
Clifford W. Sanborn of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for respondent.
BARKETT, Justice.
We have for review Kendrick v. Ed's Beach Service, Inc., 559 So.2d 334 (Fla. 1st DCA 1990), based on an asserted conflict with Mazzeo v. City of Sebastian, 550 So.2d 1113 (Fla. 1989).[1] We quash the decision of the First District Court of Appeal.
Petitioner Raymond Kendrick was a paying guest at the Edgewater Beach Resort in Panama City Beach, Florida, on July 30, 1985, when he dove from a lifeguard stand into the resort's pool and struck his head on the bottom. Kendrick severely injured his neck and was rendered a quadriplegic. Kendrick and his wife, Susie, filed suit against numerous parties, including respondent, Ed's Beach Service, Inc., ("EBS"), the firm that provided lifeguard services to the *937 resort.[2] In their amended complaint, the Kendricks alleged that the defendants named below, either jointly or individually, created and maintained "dangerous and hazardous conditions" by (a) negligently and improperly constructing the pool so as not to provide for the proper depth; (b) providing deep water in the center or middle, far removed from the sides where people enter; (c) not providing ropes to separate the deep and shallow portions; (d) failing to post adequate depth markers; (e) failing to provide the proper depth of water at the sides of the pool; (f) failing to post warning signs; (g) failing to provide sufficient personnel at poolside and failing to adequately train and supervise the personnel who were in attendance; and (h) designing the pool in such a manner to allow patrons to dive into the shallow areas. EBS asserted the defenses of comparative negligence and assumption of the risk.
Part of Kendrick's theory of the case is that EBS breached its duty to maintain safe conditions at the pool. Evidence adduced in preparation for trial showed that Raymond Kendrick dove into an area where the clear water was three and one-half feet deep, although he believed the water was at least six feet deep. No lifeguard occupied the lifeguard chair when the accident occurred, and there was some testimony that Kendrick would not have sustained the injury had a lifeguard been present in the chair. Other evidence was presented to show that no warning signs were visible, and had warning signs been posted, Kendrick may not have made the dive. There was a conflict about whether depth markers had been present, and if so, where they were located.
EBS moved for summary judgment, claiming that "[t]he danger to which Raymond Kendrick subjected himself was open and obvious, and Ed's Beach Service had no duty to warn Raymond Kendrick of the danger associated with diving from a lifeguard stand into shallow water." The trial court granted EBS's motion for summary judgment, and the First District Court affirmed, holding that "the testimony here is clear as to what appellant knew or should have known before he dove into the water. Because the record clearly demonstrates the cause of the injuries to be the plaintiff's intentional conduct, the nexus between any claimed negligence and injury is broken." Kendrick, 559 So.2d at 335.
Assuming the facts as true for the purpose of deciding a summary judgment question, the issue here is whether the district court properly applied the principles of assumption of the risk and comparative negligence as announced in Mazzeo. Mazzeo is the latest in a line of cases in which we explained the common law defenses of assumption of the risk and comparative negligence. The leading case on which Mazzeo relied is Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), where the Court explored the concepts of implied and express assumption of the risk and their relationship to comparative negligence. In Blackburn, we held that implied assumption of the risk is inapplicable as an affirmative defense to bar all recovery in a negligence case. Instead, the principles of comparative negligence must be applied to apportion damages where the facts show the injured party may have contributed to the injury. We followed Blackburn in Kuehner v. Green, 436 So.2d 78 (Fla. 1983), which held that the affirmative defense of express assumption of the risk may totally bar recovery if the injured party actually consented to a known risk. In that case, we concluded that voluntary participation in a contact sport, with full knowledge and appreciation of the danger and risk inherent in that kind of activity, constituted express assumption of the risk.
However, we limited the application of express assumption of the risk in Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986), and again in Mazzeo. In Ashcroft, we held that express assumption of the risk totally bars recovery only for those risks inherent in the contact sport itself. Thus, even though a jockey expressly assumed certain risks because they were *938 inherent in horse racing, he did not assume the risk that the race track would negligently maintain its facilities through the negligent placement of an exit gap. In Mazzeo, we declined to extend the total bar of express assumption of the risk to aberrant conduct in noncontact sports, specifically diving.
The facts in Mazzeo are strikingly similar to those under review here. Mazzeo injured herself when she dove into the shallow water of an artificial lake maintained by the City of Sebastian. The jury found the city liable, but also found that Mazzeo assumed the risk because she knew the water was shallow but voluntarily and deliberately exposed herself to the danger by diving. The court entered judgment against Mazzeo on the ground that assumption of the risk barred recovery, and the district court affirmed. However, we quashed the decision, holding that express assumption of the risk was inapplicable as a total bar to recovery even though the injured party actually appreciated the danger and acted in an unreasonable manner. We said:
Accepting the jury's findings as representing the true facts, there is little doubt that Mazzeo engaged in foolhardy conduct by diving into four feet of water. On the other hand, it seems equally clear that she did not dive with the intention of injuring herself, and she did not expressly agree to absolve the city of any liability if she did. While recognizing the danger, she dived in the improvident belief that she would be able to avoid being hurt. Under Blackburn, Mazzeo's conduct is properly characterized as implied secondary assumption of risk which is unreasonable (qualified) in nature, analogous in some respects to the tenant who rushes [negligently into the] burning house to retrieve his hat. As such, Mazzeo's conduct must be evaluated by the jury under principles of comparative negligence.
Mazzeo, 550 So.2d at 1116-17.
Our decision in Mazzeo rested on the understanding that even when a person engaging in a noncontact sport such as diving knows of an open and obvious danger, the person may still recover damages under the principles of comparative negligence if the elements of the tort have been proven. In such cases, assumption of the risk may not be invoked as a total bar to recovery. The district court's decision in Kendrick clearly misapplied this principle, resting its decision on the basis that despite knowing the dangerous conditions, Kendrick intentionally assumed the risk.
Respondent EBS argues that Mazzeo does not control because its claim involves proximate cause rather than assumption of the risk. Essentially, we construe EBS's argument to boil down to a claim that Kendrick's assumption of the risk broke the chain of causation. We cannot accept that argument because such a holding would defeat the principles made clear in Blackburn. In Blackburn, the Court sorted out the often confusing and overlapping principles involved in negligence, comparative negligence, and assumption of the risk. The overlap is so great, the Court said, that the doctrine of primary-implied assumption of the risk has been totally "subsumed in the principle of negligence itself," Blackburn, 348 So.2d at 291, and the doctrine of secondary-implied assumption of the risk has been merged into the principles of comparative negligence. Id. at 292-93. EBS's argument would have us muck up the legal waters again by holding that while implied assumption of the risk may not be asserted as an affirmative defense to totally bar recovery, it may be asserted as an ordinary defense to break the chain of legal causation. Our decision in Mazzeo inferentially rejected that view, and we expressly do so here. Although a party may be able to refute the element of proximate cause with other facts, evidence of assumption of the risk is wholly inapplicable for that purpose.
We quash the decision of the district court and remand with instructions to have the circuit court vacate its order granting summary judgment for the reasons expressed above, and to conduct further proceedings consistent with this opinion.
It is so ordered.
*939 SHAW, C.J., and GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs specially with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, specially concurring.
I concur with the result in this case because there was an issue of fact on whether Kendrick knew the depth of the water where he dived and also whether he knew or appreciated the danger of diving into the water where he did. As I stated in my dissent in Mazzeo, I still believe that if the record clearly demonstrates that the sole cause of injury is the injured party's intentional conduct, the nexus between claimed negligence and injury is broken and the plaintiff is not entitled to recover. This is the way the district court of appeal construed the record. I believe its legal conclusion correct, but its factual conclusion incorrect.
OVERTON, J., concurs.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Both the district court's decision and our review here concern only one of the parties named as defendants in the lawsuit, respondent Ed's Beach Service, Inc.