SMITH, Judge.
Appellant filed a complaint against appel-lee, the owner and lessor of a commercial fishing dock, seeking recovery of damages sustained when he fell from the dock, severely injuring his leg and ankle on a piling allegedly left from recent construction and repair of the dock. He appeals a summary final judgment which denied recovery on the ground that his negligence was the sole proximate cause of his injuries. We reverse.
In the trial court’s order denying relief, the court acknowledged a disputed issue regarding the reasonableness of Treasure Island’s actions in leaving dangerous debris in shallow water next to and under its dock. Nevertheless, the court ruled that this disputed issue is not material because the sole proximate cause of appellant’s injury was his own negligence, citing evidence that appellant knew about and appreciated the danger in the waters surrounding the dock, and that appellant engaged in horseplay immediately prior to his fall.
Concerning the alleged horseplay, we find there is additional evidence in the record that any horseplay had ceased before the accident happened. “A summary judgment is appropriate only when ‘the facts are so crystallized that nothing remains but questions of law’ and there is not the ‘slightest doubt’ as to any issue of material fact.” Aloff v. Neff-Harmon, Inc., 463 So.2d 291, 294 (Fla. 1st DCA1984) (emphasis in original), citing Harris v. Lewis State Bank, 436 So.2d 338, 340 (Fla. 1st DCA1983). See also Mann v. Pensacola Concrete Construction Co., 527 So.2d 279 (Fla. 1st DCA1988), rev. denied, 534 So.2d 400 (1988) (workers horsing around on crane, as a result of which one is injured, presents issues of negligence and comparative negligence for jury).
Next, even if it was established without dispute that plaintiff knew of the rocks and' obstructions in the water on the shallow side of the dock, this fact does not preclude his recovery. Kendrick v. Ed’s Beach Service, Inc., 577 So.2d 936 (Fla.1991) (diver who was injured when he dove into resort swimming pool, even if he knew of open and obvious danger, could still recover damages under the principles of comparative negligence if the elements of the tort have been proven, and assumption of the risk may not be invoked as a total bar to recovery). We find Kendrick particularly instructive because in that case the court rejected the defendant’s attempt to use evi *1297 dence of assumption of the risk so as to provide a complete defense, i.e., that the diver’s negligence was the sole proximate cause of his accident and broke the chain of legal causation. See also Regency Lake Apartments v. French, 590 So.2d 970, 972-3 (Fla. 1st DCA1991) (degree to which plaintiff may have caused his own injuries because of his awareness of dangerous condition or his own actions should be determined by the jury).
Finally, we would be remiss if we did not mention that appellee’s motion for summary judgment did not comply with Rule 1.510(c) of the Florida Rules of Civil Procedure. This rule requires a movant for summary judgment to state with particularity in its motion the grounds upon which the motion is based and the substantial matters of law to be argued. The obvious purpose of this rule is to eliminate surprise and to provide the parties a full and fair opportunity to argue the issues. We mention this deficiency in appellee’s motion in response to arguments appellee now makes on appeal — that the allegations of appellant’s complaint are not sufficient to support a cause of action for negligence because appellant did not specifically allege in his complaint the existence of the submerged and hidden pilings, and that Treasure Island was negligent in allowing this condition to remain in an unprotected area.[1] Had this issue been properly raised below, the matter could have been resolved by simple amendment of the complaint.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD and MICKLE, JJ., concur.

. Appellant’s complaint focused instead upon the removal of previously existing protective railings and appellee’s failure to re-install the railings after completion of some construction work.