654 So.2d 283 (1995)
The CITY OF COOPER CITY, Appellant,
v.
SUNSHINE WIRELESS COMPANY, INC., a Florida Corporation, Appellee.
No. 94-2120.
District Court of Appeal of Florida, Fourth District.
May 3, 1995.
*284 Michael T. Burke of Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, for appellant.
Gary S. Phillips and Steven B. Chaneles of Buchanan Ingersoll Professional Corp., North Miami Beach, for appellee.
PER CURIAM.
This appeal arises out of an action for breach of an annexation agreement and rescission. After the pleadings were closed and discovery had been taken, appellee moved for summary judgment. Appellee asserted in its motion that the contract was void ab initio, but did not raise the breach of contract issue.
Although the trial court held that the contract was not void or voidable, it found that appellant had breached the contract and ordered rescission. Appellant contends that the trial court erred in entering summary judgment based on breach of contract and rescission because appellant did not have notice that these issues would be dealt with at the hearing. We agree and reverse.
Florida Rule of Civil Procedure 1.510(c) requires a party seeking summary judgment to "state with particularity the grounds upon which [the motion] is based and the substantial matters of law to be argued." This rule is designed to prevent "ambush" by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing. Swift Indep. Packing Co. v. Basic Food Int'l, Inc., 461 So.2d 1017, 1018 (Fla. 4th DCA 1984). Since appellant did not receive notice that the issues of breach of contract and the related entitlement to rescission would be addressed, it had no opportunity to prepare and to present evidence on the issues actually adjudicated by the trial court.
Accordingly, we reverse and remand this cause with leave for the trial court to reconsider the issues of breach of contract and rescission after appellant has been afforded proper notice and opportunity to be heard.
REVERSED and REMANDED.
DELL, C.J., and WARNER and PARIENTE, JJ., concur.