805 So.2d 852 (2001)
H.B. ADAMS DISTRIBUTORS, INC., d/b/a H.B.A. Superstore, Appellant,
v.
ADMIRAL AIR OF SARASOTA COUNTY, INC., a Florida corporation, Terrence A. Kups, and Library Mews Development, Inc., a Florida corporation, Appellees.
No. 2D00-1715.
District Court of Appeal of Florida, Second District.
August 24, 2001.
Rehearing Denied October 16, 2001.
*853 Victor W. Holcomb and Andrew J. Matys, Jr., of Holcomb & Decort, P.A., Tampa, for Appellant.
Michael Moran of Law Offices of Michael Moran, Sarasota, for Appellees Admiral Air and Kups.
Dana J. Watts, Sarasota, for Appellee Library Mews.
THREADGILL, Acting Chief Judge.
H.B. Adams Distributors, Inc. (Adams), the plaintiff in an action to foreclose a construction lien, for breach of contract, and to enforce a personal guaranty, appeals a summary final judgment entered in favor of Admiral Air of Sarasota County, Inc. (Admiral), Terrence A. Kups, and Library Mews Development, Inc. (Library Mews), the defendants. We affirm in part and reverse in part.
Adams is a distributor of air-conditioning parts. Admiral is an air-conditioning contractor. Mr. Kups is the president and owner of Admiral. Library Mews is the owner of a construction project on which Admiral was working.
On December 24, 1998, Admiral sold its business assets to Energex Acquisition Corp. As part of that transaction, Admiral was to complete one ongoing construction project for Library Mews. Admiral opened a "job account" with Adams to service that particular project. It also maintained a general "house account" with Adams.
In October 1999, Adams filed the instant action, alleging that Admiral had delinquent account balances in excess of $22,000. In count I, Adams sought to establish and foreclose a construction lien against the real property and improvements owned by Library Mews. This claim was based on the amount due under the "job account." The parties agree that the principal due on this "job account" was between $9,951.39 and $10,868.45. Adams also claimed entitlement to attorney's fees and costs. In count II, Adams alleged a claim for breach of contract against Admiral for its failure to pay delinquent balances on both the "job account" and the "house account," in excess of $22,000. In count III, Adams sought to enforce a personal guaranty executed by Mr. Kups.
Admiral and Mr. Kups filed a sworn motion for summary judgment, which alleged that Adams had been erroneously billing Admiral's "house account" for purchases made by Energex. It alleged that Admiral had advised Adams that Admiral would not be responsible for any purchases made by Energex after the date of the December 1998 sale. The motion alleged that when Mr. Kups learned of the erroneous *854 billing, he immediately discussed the matter with Adams' primary agent, Skip Sprague, who admitted the error and signed a letter stating that Admiral owed only $4,439.67 as of February 1999. Admiral paid that amount on February 24, 1999. Thereafter, Mr. Kups continued to make purchases on the "job account" for the Library Mews project. This subsequent balance is the basis for the claim of lien in count I. The trial court entered summary judgment as to all three counts of the complaint in favor of the defendants.
On appeal, Adams claims that the motion for summary judgment did not provide sufficient notice that summary judgment was being sought on count I, the construction lien claim against Library Mews. We agree. The motion was filed only by Admiral and Mr. Kups, who were not parties to count I of the complaint. The motion was not filed on behalf of Library Mews. The first paragraph of the motion states, "[p]laintiff is suing ADMIRAL AIR and KUPS for approximately $22,000." This was the amount in controversy under counts II and III of the complaint. The only mention in the motion of facts relating to count I of the complaint was an allegation that Admiral had repeatedly offered to pay the amount owed on the "job account" and remained willing and able to do so. These facts were also relevant to counts II and III, which sought to recover the amount due on the "job account" as well as amounts charged by Energex to the "house account." Under these circumstances, the motion for summary judgment did not provide notice that it was intended to apply to count I of the complaint.
Florida Rule of Civil Procedure 1.510(c) provides that a motion for summary judgment shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued. The purpose of this rule is to eliminate surprise and to provide parties a full and fair opportunity to argue the issues. Lee v. Treasure Island Marina, Inc., 620 So.2d 1295 (Fla. 1st DCA 1993). In this case, the motion did not identify count I as one of the matters to be argued. Further, as noted by Adams, its affidavit filed in opposition to summary judgment addressed only facts relevant to counts II and III of the complaint. Because the motion did not provide notice that count I was to be considered on summary judgment, Adams did not have the opportunity to argue that issue. We therefore reverse the final summary judgment as to count I of the complaint and remand for further proceedings.
We have considered the other issues raised by Adams and find them to be without merit. Accordingly, we affirm the final summary judgment in all other respects. In doing so, we note that at the time summary judgment was entered, as well as on appeal, Admiral acknowledged its responsibility for the balance due on the "job account." Nothing in this opinion should be read as extinguishing Admiral's or Mr. Kups' liability in that regard.
Affirmed in part; reversed in part.
FULMER and DAVIS, JJ., Concur.