NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SALVATORE AMBROGIO, an individual,　)
and ROSEMARIE AMBROGIO, an　　　　)
individual,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellants,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 2D17-2202
　　　　　　　　　　　　　　　　　　)
MARCELINE MCGUIRE, an　　　　　　)
individual, and THE TRUST DATED　　)
OCT. 25, 1991, Marceline McGuire,　　)
Trustee,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellees.　　　　　　)
_____)

Opinion filed May 11, 2018.

Appeal from the Circuit Court for Polk
County; Keith Spoto, Judge.

Kevin P. Kelly and Connor S. Kelly of
KellyLaw, P.A., Orlando, for Appellants.

Marceline McGuire, pro se.


BADALAMENTI, Judge.

　　　　　　Salvatore and Rosemarie Ambrogio sued Marceline McGuire and "The

Trust Dated October 25, 1991," a trust in which Ms. McGuire serves as trustee, over

Ms. McGuire's failure to pay on a $33,500 promissory note.[1]  After a hearing on Ms. McGuire's motions for summary judgment, the trial court granted final summary judgment in her favor, holding that the statute of limitations had run on all of the Ambrogios' claims.  On appeal, the Ambrogios argue that Ms. McGuire neglected to raise statute of limitations as a ground for summary judgment with particularity in any of her written motions and thus failed to comply with Florida Rule of Civil Procedure 1.510(c).  We agree and reverse the final summary judgment.

## Factual and Procedural Background

The Ambrogios contracted to sell their Polk County home to Ms. McGuire in 2007.  Before closing on the deal, the parties signed an unartful, handwritten promissory note, in which Ms. McGuire agreed to pay $33,500 to the Ambrogios once she sold her Lodgewood Drive home.  Ms. McGuire took title and possession of the Ambrogios' home but, for reasons not entirely clear from the record, did not sell her Lodgewood Drive home.  Over the next several years, the Ambrogios were unsuccessful in their attempts to receive payment from Ms. McGuire.  As such, in 2015, they sued Ms. McGuire in a sixteen-count complaint alleging, among other claims, fraud, breach of contract, and unjust enrichment.  Ms. McGuire answered the complaint, asserting five affirmative defenses including a statute of limitations defense as follows: "This action is barred by the statute of limitations as evidenced by the alleged promissory note dated February 28, 2007."

---

[1]Although both Ms. McGuire and The Trust Dated October 25, 1991, are appellees in this appeal, we collectively refer to these parties as "Ms. McGuire."

- 2 -

Ms. McGuire subsequently filed a series of motions seeking summary judgment, some with attachments and others with no attachments. The common thread of these motions is that they all consist of one-sentence, conclusory statements asserting that there were no issues of material fact and that she was thus entitled to summary judgment. For example, in her motion titled "Amended Motion for Summary Judgment" she stated that she was entitled to summary judgment because the "pleadings, the Deposition of Salvatore Ambrogio previously filed, and the affidavit of Marceline McGuire, marked as Exhibit A, show that there is no genuine issue of any material fact and the defendants is [sic] entitled to judgment as a matter of law."[2]

The trial court subsequently held a hearing on Ms. McGuire's motions for summary judgment. During that hearing, Ms. McGuire's counsel asserted that the trial court must grant summary judgment to her because the statute of limitations as to all of the Ambrogios' claims had run. The Ambrogios' counsel responded that Ms. McGuire neglected to raise statute of limitations as a ground for summary judgment in any of her motions for summary judgment. The trial court asked Ms. McGuire's counsel to identify where the statute of limitations argument had been asserted in Ms. McGuire's motions for summary judgment. Ms. McGuire's counsel responded: "Only in my first affirmative defense that's part of my answer. It's part of the pleadings." (Emphasis added.) The Ambrogios' counsel argued to the trial court that Ms. McGuire's motions for summary judgment did not comply with Florida Rule of Civil Procedure 1.510(c) because none of them "state[d] with particularity the grounds on which [they were] based and the

_____

[2]In another motion titled "Defendant's summary for motion for summary judgment," Ms. McGuire merely provided factual allegations.

- 3 -

substantial matters of law to be argued."  The trial court rejected this argument, ruling that Ms. McGuire's motions for summary judgment complied with rule 1.510(c).  The trial court thus granted summary judgment to Ms. McGuire exclusively on the statute of limitations ground, which was fleshed out in detail at the hearing.

## Discussion

On appeal, the Ambrogios argue that the trial court erred in granting Ms. McGuire summary judgment on the statute of limitations ground because Ms. McGuire had not raised statute of limitations with particularity in any of her written motions seeking summary judgment.

It is reversible error to enter summary judgment on a ground not raised with particularity in the motion for summary judgment.  Williams v. Bank of Am. Corp., 927 So. 2d 1091, 1093 (Fla. 4th DCA 2006) (citing, inter alia, Cheshire v. Magnacard, Inc., 510 So. 2d 1231, 1234 (Fla. 2d DCA 1987)).  Florida Rule of Civil Procedure 1.510(c) mandates that a motion for summary judgment "must state with particularity the grounds on which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ('summary judgment evidence') on which the movant relies."  A purpose of this rule "is to eliminate surprise and to provide parties a full and fair opportunity to argue the issues."  H.B. Adams Distribs., Inc. v. Admiral Air of Sarasota Cty., Inc., 805 So. 2d 852, 854 (Fla. 2d DCA 2001) (citing Lee v. Treasure Island Marina, Inc., 620 So. 2d 1295, 1297 (Fla. 1st DCA 1993)); see also Cheshire, 510 So. 2d at 1234 ("The purpose of the rule is to put the opposing party on notice as to the grounds which will be asserted against him." (quoting Burns v.

- 4 -

Consol. Am. Ins. Co., 359 So. 2d 1203, 1206 (Fla. 3d DCA 1978))); City of Cooper City v. Sunshine Wireless Co., 654 So. 2d 283, 284 (Fla. 4th DCA 1995) ("This rule is designed to prevent 'ambush' by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing." (quoting Swift Indep. Packing Co. v. Basic Food Int'l, Inc., 461 So. 2d 1017, 1018 (Fla. 4th DCA 1984))).

Moreover, where a party's motion for summary judgment states "only in general terms that no material issues of fact or law existed and that [the movant] was entitled to the relief requested[,] [s]uch a motion is insufficient to place the nonmoving party on notice of the issues of fact or law which will be argued at the hearing." Locke v. State Farm Fire & Cas. Co., 509 So. 2d 1375, 1377 (Fla. 1st DCA 1987); see also Worley v. Sheffield, 538 So. 2d 91, 92 (Fla. 1st DCA 1989) (holding that a motion for summary judgment was insufficient where it conclusively stated that there "is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law"). Under such circumstances, reversal and remand for further proceedings is appropriate in order to afford the nonmoving party proper notice and an opportunity to be heard. See Sunshine Wireless Co., 654 So. 2d at 284.

Here, Ms. McGuire neglected to raise any legal ground with particularity in her motions for summary judgment, much less state with particularity the statute of limitations ground that the trial court relied upon to grant her summary judgment. It is undisputed that she pleaded, albeit without elaboration, statute of limitations as one of five affirmative defenses in her answer by asserting that the action is barred "as evidenced by the alleged promissory note dated February 28, 2007." Without any elaboration in her motions for summary judgment, she asserted that she was entitled to

- 5 -

summary judgment based on "the pleadings . . . [because] there is no genuine issue of any material fact."  (Emphasis added.)  It was reversible error for the trial court to conclude that Ms. McGuire complied with rule 1.510(c).  See Deluxe Motel, Inc. v. Patel, 727 So. 2d 299, 301 (Fla. 5th DCA 1999) (concluding that the trial court erred in granting summary judgment based on arguments made at the summary judgment hearing but not in the written motion for summary judgment).

Ms. McGuire has not cited, nor have we identified, a single case holding that pleading an affirmative defense somehow obviates a summary judgment movant's obligation to comply with the particularity requirements mandated by rule 1.510(c).  And to the extent that the trial court's entry of summary judgment was based on Ms. McGuire's incorporation of that affirmative defense by referencing her "previously filed pleadings" in her motions for summary judgment, courts have held that a general assertion is not, without more explication, a particularized ground upon which the motion is based as contemplated by rule 1.510(c).  See, e.g., Alexopoulos v. Gordon Hargrove & James, P.A., 109 So. 3d 248, 250 (Fla. 4th DCA 2013) (holding that the trial court erred in entering summary judgment for the movant based on lack of standing where the movant's motion for summary judgment raised the issue of standing in a one-sentence footnote because "[the] footnote did not provide [the nonmovant] adequate notice that she would be required to offer record evidence to refute the allegations of lack of standing and to offer a legal rebuttal as to this issue"); Williams, 927 So. 2d at 1093 (concluding that a one-sentence footnote in a memorandum of law in support of the movant's motion for summary judgment that raised the issue of liability was

- 6 -

insufficient to place the nonmovant on notice of the issue and to allow the nonmovant a full and fair opportunity to argue the issue at the summary judgment hearing).

To hold otherwise would contravene the plain and ordinary meaning of rule 1.510(c), which requires "particularity," not generality, its polar opposite. Fla. R. Civ. P. 1.510(c) ("The motion [for summary judgment] <u>must state with particularity</u> the grounds on which it is based and the substantial matters of law to be argued . . . ." (emphasis added)). Even more, to permit what the appellees did here would encourage unnecessary gamesmanship in litigation and sandbagging of a nonmovant to a motion for summary judgment. Additionally, a motion for summary judgment's generalized references to transcripts, attachments, or pleadings without explanation hinder both the nonmovant's and trial court's preparation for hearings on that motion for summary judgment.

Accordingly, because Ms. McGuire's motions for summary judgment did not satisfy the particularity requirement set forth in rule 1.510(c), we reverse and remand for further proceedings in order to offer the Ambrogios a meaningful opportunity to be heard on the particularized arguments that Ms. McGuire contends warrant summary judgment. See <u>Sunshine Wireless Co.</u>, 654 So. 2d at 284.[3]

MORRIS and BLACK, JJ., Concur.

---

[3]We express no opinion as to whether the trial court's application of a five-year statute of limitations was correct.