# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MARGARET HURCHALLA, JAMES HURCHALLA,**
**LAKE POINT PHASE I, LLC,** a Florida limited liability company, and
**LAKE POINT PHASE II, LLC,** a Florida limited liability company
Appellants,

v.

**HOMEOWNERS CHOICE PROPERTY & CASUALTY INSURANCE**
**COMPANY, INC.,** a Florida corporation,
Appellee.

Nos. 4D18-2740 and 4D18-2935

[October 16, 2019]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Barbara W. Bronis, Judge; L.T. Case No. 14000054CAAXMX.

Virginia P. Sherlock and Howard K. Heims of Littman, Sherlock & Heims, P.A., Stuart, for appellants Margaret Hurchalla and James Hurchalla.

Ethan J. Loeb, Jon P. Tasso and Michael J. Labbee of Smolker, Bartlett, Loeb, Hinds & Thompson, P.A., Tampa, for appellants Lake Point Phase I, LLC, and Lake Point Phase II, LLC.

Robert Alden Swift of Cole, Scott & Kissane, P.A., Orlando, for appellee.

WARNER, J.

Appellants challenge a final summary judgment in favor of appellee insurance company which summarily determined that the company had no duty to defend or indemnify appellants Hurchalla against a civil action. Because the appellee failed to conclusively negate appellants' affirmative defenses to the complaint filed by the insurance company, the court erred in granting summary judgment. We reverse.

Lake Point Phase I, LLC and Lake Point Phase II, LLC (collectively "Lake Point") brought a civil action against Margaret Hurchalla and her husband (collectively "Hurchalla") alleging she tortiously interfered with agreements

which Lake Point had with South Florida Water Management District and Martin County ("the tort litigation").[1]  Initially, appellee Homeowners Choice Property & Casualty Insurance Company, Hurchalla's homeowner's insurer, provided Hurchalla with a defense.  Homeowners Choice defended Hurchalla for more than a year in the tort litigation.  After a year of litigation, Homeowners Choice filed a complaint for declaratory judgment against Hurchalla, Lake Point, SFWMD and Martin County, seeking a determination that Hurchalla's policy does not provide coverage for the claims asserted against her for "intentional acts," but covered only bodily injury or property damage.  Hurchalla filed an answer and denied the allegations regarding lack of coverage and also raised affirmative defenses of laches, estoppel, waiver, failure to state a cause of action and breach of the duty of good faith and fair dealing.

Homeowners Choice subsequently moved for summary judgment on grounds that the policy provided coverage for only bodily injury or property damage, not intentional acts.  The motion was initially denied on grounds there were disputed issues of fact regarding waiver, estoppel and laches. After the tort litigation resulted in a substantial verdict against Hurchalla, Homeowners Choice filed a renewed motion for summary final judgment, arguing that because the jury found against Hurchalla on an intentional tort, there were no disputed issues of material fact.  Homeowners argued that under the policy, coverage was excluded for intentional torts. Hurchalla opposed the motion, arguing both that Homeowners Choice had not negated her affirmative defenses and that she had not received a reservation of rights letter required by section 627.426(2), Florida Statutes (2013), which fact was supported by both deposition testimony and affidavit.  Despite the conflicting evidence, the court granted the motion, determining that the claim and verdict were based on an intentional tort, for which coverage was excluded under the policy.  In rejecting Hurchalla's estoppel defense the court relied on *Doe v. Allstate Insurance Co.*, 653 So. 2d 371 (Fla. 1995).  The court interpreted *Doe* as holding that the fact that an insurance company assumes representation of an insured does not mean that an event, that was not covered under the policy, is covered. Coverage under a policy could not be extended by the doctrine of estoppel. The court then entered final summary judgment.[2]  This appeal follows.

---

[1] The agreements are described in detail in *Hurchalla v. Lake Point Phase I, LLC and Lake Point Phase II, LLC*, 2019 WL 2518748 (Fla. 4th DCA June 9, 2019).

[2] Because the final judgment did not refer to Lake Point, which was a named defendant in the declaratory judgment action, the parties were uncertain as to whether it disposed of all judicial labor.  Homeowners Choice filed another motion for summary judgment against Lake Point.  Lake Point opposed the motion and

The standard of review of an order granting summary judgment is de novo. *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and the admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See also State v. Presidential Women's Ctr.*, 937 So. 2d 114, 116 (Fla. 2006) (assuming there is no disputed issue of fact, the correctness of a summary judgment is a matter of law which is subject to the de novo standard of review). Where the defendant has raised affirmative defenses, the plaintiff must factually refute them or establish that they are legally insufficient before being entitled to summary judgment in its favor. *See Corya v. Sanders*, 76 So. 3d 31, 34 (Fla. 4th DCA 2011) (quoting *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 788 (Fla. 4th DCA 1995)).

Under Florida Rule of Civil Procedure 1.510(c), a motion for summary judgment must state with particularity the grounds upon which it is based. This is intended to prevent trial by "ambush" by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing. *City of Cooper City v. Sunshine Wireless Co., Inc.*, 654 So. 2d 283, 284 (Fla. 4th DCA 1995). It is reversible error to enter summary judgment on a ground not raised with particularity in the motion for summary judgment. *See Ambrogio v. McGuire*, 247 So. 3d 73, 75 (Fla. 2d DCA 2018).

Hurchalla raised five affirmative defenses, including estoppel. Homeowners Choice's renewed motion for summary judgment failed to address any of them, and the trial court granted summary judgment without addressing those defenses. This was error. *See Corya.*

Homeowners Choice's contention, that it was not obligated to negate Hurchalla's affirmative defenses until Hurchalla raised them in response

---

moved for rehearing of the final summary judgment to the extent that it did dispose of the entire case. The trial court denied Lake Point's motion for rehearing. Subsequently, the trial court entered separate final summary judgments against Lake Point I and Lake Point II, determining that Hurchalla had no coverage under the Homeowners Choice policy. These were separately and timely appealed by Lake Point in case number 4D18-2935. The two appeals (4D18-2740 and 4D18-2935) have been consolidated.

to its motion for summary judgment, is clearly wrong. "Where the movant merely denies the affirmative defenses and the affidavit in support of summary judgment only supports the allegations of the complaint and does not address the affirmative defenses, the burden of disproving the affirmative defenses has not been met." *Stop & Shoppe Mart, Inc. v. Mehdi*, 854 So. 2d 784, 786 (Fla. 5th DCA 2003); *Elkins v. Barbella*, 603 So. 2d 726, 727 (Fla. 4th DCA 1992).

The trial court may have presumed that the affirmative defense was legally insufficient by citing to *Doe*. However, *Doe* does not support summary judgment in this case. In *Doe*, an insured was sued for an intentional tort. Allstate initially provided the insured a defense but did not send a written reservation of rights to the insured regarding coverage, as required by section 627.426(2), Florida Statutes. Subsequently, Allstate filed an action for declaratory relief in federal court asking the court to determine that the policy did not afford coverage to the insured. The district court agreed that there was no coverage and granted summary judgment to Allstate. Upon an appeal to the Eleventh Circuit, the court certified an issue to the Florida Supreme Court. The minor's parents argued summary judgment should not have been granted because Allstate was estopped to deny coverage because it had not complied with section 627.426(2). In resolving the issue, the court harmonized *Cigarette Racing Team, Inc. v. Parliament Insurance Co.*, 395 So. 2d 1238 (Fla. 4th DCA 1981), with *AIU Insurance Co. v. Block Marina Investment, Inc.*, 544 So. 2d 998 (Fla. 1989), and held:

> [W]hen the insurer undertakes the defense of a claim on behalf of one claiming to be an insured, we have recognized substantial duties on the part of both the insurer and the insured. If an insurer erroneously begins to carry out these duties, and the insured, as required, relies upon the insurer to the insured's detriment, then the insurer should not be able to deny the coverage which it earlier acknowledged. However, we clearly state that the insured must demonstrate that the insurer's assumption of the insured's defense has prejudiced the insured. It is the fact that the insured has been prejudiced which estops the insurer from denying the indemnity obligation of the insurance policy.

*Doe*, 653 So. 2d at 374. Thus, under *Doe* an insurance company may be estopped from denying coverage, even where the policy does not cover the claim, where the insured has been prejudiced by the insurer's assumption of the insured's defense.

Here, Hurchalla alleged equitable estoppel as an affirmative defense. Her claim was legally sufficient, and Homeowners Choice did not negate it factually. Therefore, the court erred by granting summary judgment.

As to the remaining affirmative defenses, none were addressed in the motion for summary judgment nor in anything filed with the court. Nor did the court address these. Whether they are legally sufficient may be addressed in further proceedings.

For the foregoing reasons, we reverse the final summary judgments entered in both consolidated appeals and remand for further proceedings.

*Reversed and remanded.*

GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***