PER CURIAM.
Florida Rule of Civil Procedure 1.510(c), requires that a motion for summary judgment “state with particularity the grounds upon which it is based and the substantial matters of law to be argued.” Where, as here, the motion and affidavits are based only on a statute of limitations defense, the movant is not entitled to a summary judgment based on laches, a different affirma *229 tive defense. See 35 Fla.Jur.2d Limitations and Laches § 93 (1982) (citing Cook v. Central & S. Fla. Flood Control Dist., 114 So.2d 691 (Fla. 2d DCA 1959)) (laches must be plead affirmatively). See also, Note, The Doctrine of Laches in Florida: A Statutory Hybrid, 13 Stetson L.Rev. 446, 449 (1984) (“In contrast to the statute of limitations which is applicable at law, the equitable doctrine of laches is not based solely on the passage of time.”) (citing Wiggins v. Lykes Bros., 97 So.2d 273 (Fla.1957); Tower v. Moskowitz, 262 So.2d 276 (Fla. 3d DCA), cert. denied, 268 So.2d 906 (Fla.1972)).
Reversed and remanded for further consistent proceedings.