787 So.2d 891 (2001)
Alfonso RIVEROLL, Jr., and Alfonso Riveroll, Sr., Appellants,
v.
WINTERTHUR INTERNATIONAL LTD., and Amedex Insurance Company, Appellees.
No. 3D00-2400.
District Court of Appeal of Florida, Third District.
April 25, 2001.
Rehearing and Certification Denied July 11, 2001.
Mitrani, Rynor, Adamsky, Macaulay & Zorilla, Miami; Jacob J. Givner and Loren H. Cohen, Miami, for appellants.
Ruden, McClosky, Smith, Schuster & Russell and Norman S. Segall, Miami; Alan Leifer; Greenberg Traurig and Barry Richard and Elliot H. Scherker and Paul C. Savage, Miami, for appellees.
Before GERSTEN, GODERICH and SHEVIN, JJ.
Rehearing En Banc and Certification Denied July 11, 2001.
PER CURIAM.
Alfonso Riveroll, Jr., and Alfonso Riveroll, Sr., appeal a partial final summary judgment in favor of insurers, Winterthur International Limited and Amedex Insurance Company, on count III of the Riverolls' complaint, finding that the subject *892 policy does not afford coverage for treatment rendered after the policy expired. We affirm.
The Riverolls brought this lawsuit against Winterthur and its successor, Amedex Insurance Company, asserting that they were entitled to coverage under the policy for all treatment resulting from an accident covered under the policy for as long as treatment was medically necessary, regardless of when the policy expired. Winterthur and Amedex asserted that the policy did not cover claims for treatment after the expiration thereof. The trial court granted the Insurance Companies' motion for summary judgment.
We agree with the trial court's conclusion. The exclusion clause in the policy excludes "[c]laims and costs for medical treatment incurred after the expiration date of the Policy, resulting from accidents or illnesses during the policy period, unless the Policy has been renewed." (Emphasis added.) Under basic insurance contract interpretation principles, as this policy language is clear and unambiguous, we must give effect to the plain language of the policy. Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 33 (Fla.2000). The clause plainly disallows coverage for the expenses the Riverolls' claim-expenses incurred after the policy expiration date.
The Riverolls suggest that the claims definition clause conflicts with the exclusion clause and creates an ambiguity in the policy. However, no ambiguity exists. The claims definition clause states that an insured "can claim from the start of the course of treatment until the time it is medically confirmed that treatment is no longer necessary."[1] This clause defines when a new claim is being submitted, triggering the application of the policy's deductible provision.[2] This clause does not operate to create coverage in perpetuity for injuries suffered while the policy was in force. Hence, there is no conflict with the exclusion clause.
We are not unmindful of our obligation to "read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Anderson, 756 So.2d at 34. However, where no ambiguity exists in the policy, we will not impose a construction contrary to its plain language. We therefore affirm the partial summary judgment.
Affirmed.
NOTES
[1] The clause provides:

When an Insured Person undergoes medical treatment for accident or illness, they can claim from the start of the course of treatment until the time that it is medically confirmed that treatment is no longer necessary. Where compensation is claimed for medical treatment received, and the Insured Person subsequently claims for a new course of treatment which is not in any way connected with the former treatment, the subsequent Claim will be regarded as a new Claim.
[2] The policy conditions provide: "A deductible of $250 will be applied to each and every claim resulting from accident or sickness...."