927 So.2d 1091 (2006)
H. Craig WILLIAMS, Elinor Tama Williams and Constance Elaine Williams, on behalf of themselves and all others similarly situated, Appellants,
v.
BANK OF AMERICA CORPORATION, Appellee.
No. 4D05-2470.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
*1092 Howard K. Coates, Jr. of The Coates Law Firm, Wellington, Steven M. Hamburg of Summers, Compton, Wells & Hamburg, P.C., St. Louis, Missouri, and Richard D. Greenfield of Greenfield & Goodman, LLC, Easton, Maryland, for appellants.
J. Michael Burman and Bernard Lebedeker of Burman, Critton, Luttier & Coleman, West Palm Beach, Peter W. Homer and Kevin P. Jacobs of Homer & Bonner, P.A., Miami, and Gregory B. Jordan, Mary J. Hackett, Kim M. Watterson and Sharon L. Rusnak of Reed Smith LLP, Pittsburgh, Pennsylvania, for appellee.
TAYLOR, J.
The plaintiffs below are beneficiaries of certain trusts managed and controlled by Bank of America, N.A. (the Bank). They brought a class action complaint against the Bank and its parent corporation, Bank of America Corp. (BAC), alleging breach of contract by the Bank and unjust enrichment and breach of fiduciary duties by both the Bank and BAC. The trial court granted summary judgment in favor of BAC on the ground that BAC has no liability based on the plaintiffs' allegations. We reverse, because BAC did not base its motion for summary judgment on this ground. The only ground alleged in BAC's summary judgment motion was that the plaintiffs' claims are barred by Florida's statute of limitations.
It is undisputed that the defendants' motion for summary judgment did not state any ground other than the statute of limitations. The defendants filed a nineteen-page memorandum of law in support of their motion, devoted almost entirely to the statute of limitations argument. The only exception was a single footnote which stated:
While the Bank's corporate parent, Bank of America Corporation ("BAC"), is also named as a Defendant, Plaintiffs had no relationship with BAC  contractual or otherwise  and there is no basis, factual or legal, to support a claim against BAC here.
Plaintiffs filed a thirty-page memorandum of law in opposition to the motion for summary judgment, twenty-nine of which were addressed to the statute of limitations issue. The statute of limitations in question is peculiar to trustees. In order to bring BAC within its scope, BAC had alleged that the Bank and BAC were co-trustees. To refute this assertion, the plaintiffs' memorandum quoted the above footnote from the defendants' memorandum. In a footnote of its own, plaintiffs noted that its complaint alleges that BAC aided and abetted the Bank's activities, then cited the Restatement (Second) of Trusts and the Restatement of Restitution as support for the notion that it has a claim against BAC notwithstanding the lack of privity. However, the memorandum then reiterated in the very next paragraph that, "[t]he sole basis for Defendant's Motion for Summary Judgment is the statute of limitations."
At the hearing on the motion for summary judgment, BAC's counsel stated at the outset, "[w]e're only here on the very first point, which is the timeliness of the case, a very focused narrow issue." Nevertheless, BAC's counsel and the trial court generated some minimal discussion concerning BAC's liability at the hearing.
The trial court entered an order granting summary judgment in favor of BAC, *1093 finding that, "[t]here is no genuine issue of material fact that Bank of America Corp. has no liability based on Plaintiffs' allegations." The trial court declined to enter summary judgment in favor of the Bank (or BAC) on the statute of limitations theory originally alleged in the motion for summary judgment.
Florida Rule of Civil Procedure 1.510(c) states with respect to summary judgment motions:
The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least 20 days before the time fixed for hearing.
The purpose of this rule is to eliminate surprise and to provide the parties "a full and fair opportunity to argue the issues." H.B. Adams Distrib. Inc. v. Admiral Air of Sarasota County, Inc., 805 So.2d 852, 854 (Fla. 2d DCA 2001). It is reversible error to enter summary judgment on a ground not raised with particularity in the motion. See id.; Deluxe Motel, Inc. v. Patel, 727 So.2d 299, 301 (Fla. 5th DCA 1999); City of Cooper City v. Sunshine Wireless Co., 654 So.2d 283, 284 (Fla. 4th DCA 1995); George G. Sharp, Inc. v. Doric Marine, Inc., 544 So.2d 228 (Fla. 3d DCA 1989); Cheshire v. Magnacard, Inc., 510 So.2d 1231, 1234 (Fla. 2d DCA 1987). In applying the rule, the trial court should take a strict reading of the papers filed by the moving party. Id.; Swift Indep. Packing Co. v. Basic Food Int'l, 461 So.2d 1017, 1018 (Fla. 4th DCA 1984).
We reject BAC's argument that its single conclusory statement regarding liability, contained in a footnote of a nineteen-page memorandum of law devoted solely to the statute of limitations issue, sufficed as a separate ground for its motion for summary judgment. BAC's motion and memorandum do not substantively address any facts or law pertaining to its entitlement to summary judgment on the plaintiffs' claims of aiding and abetting or unjust enrichment. We thus conclude that the trial court erred in entering summary judgment on a ground not asserted in BAC's motion.
Reversed and Remanded.
STEVENSON, C.J. and GUNTHER J., concur.