BROWNING, J.
 

 The trial court erred in entering summary judgment and we accordingly reverse. We remand for further proceedings for the reasons in this opinion.
 

 In this insurance coverage case, Appel-lee Joyce Mashburn sought, and received, summary judgment by arguing she “is” eligible for medical expenses coverage under the terms of the policy issued by Appellant State Farm Mutual Automobile Insurance. Here on appeal, State Farm vigorously disputed that she is so eligible, and while Mashburn gamely defended the trial court’s decision, she basically argued to this court that she “should” have been covered because of alleged conversations with Appellant’s agent. We hold on this record that Mashburn is not entitled to a summary judgment for medical expenses under the policy, but express no judgment on whether she might be entitled to coverage under other theories of liability alleged in her complaint, or that might be alleged by an amended complaint, and remand to the trial court for further consistent proceedings.
 

 Mashburn has lived with Luis Palacios since 1997, but they never married. Palac-ios bought Mashburn a car in 1997. Palac-ios insured the car with State Farm through its agent. Palacios was the only person listed on the policy’s declarations page as a named insured. Mashburn was never listed as a named insured. Mash-burn was not a named insured because the title to the car was in Palacios’ name, so Mashburn did not have an insurable interest in the car.
 

 Originally, the policy extended coverage for medical expenses to “the first person named in the declarations,” “his or her spouse,” “their relatives,” and “any other person while occupying a vehicle covered under the liability coverage....” Thus Mashburn, who was not a named insured, a spouse, or a relative, was nevertheless eligible for such coverage so long as she occupied a covered vehicle.
 

 In 2002, Palacios bought another car to replace the one he had given to Mashburn in 1997. State Farm issued a new policy effective May 14, 2002, to cover the new car. On this new policy’s declarations page is a notice of “Exceptions and Endorsements.” Among the endorsements listed is Endorsement 6910. This endorsement changed eligibility for medical expense coverage to “you” or “any relative” alone, removing “any other person” from eligibility. The policy defines “you” as the “named insured or named insureds shown on the declarations page.”
 

 The new policy, effective on May 14, 2002, included a copy of Endorsement 6910. Palacios acknowledged receiving a premium notice prepared on July 30, 2002, which states “Endorsement 6910 effective SEP 19, 2002.” This premium notice, like others, identified Palacios and Mashburn as licensed drivers.
 

 On May 18, 2003, Mashburn was injured in an accident while driving the 2002 car.
 
 *704
 
 There is no dispute that she incurred medical expenses as a result of her injuries.
 

 “We review
 
 de novo
 
 the trial court’s interpretation of the insurance policy contract, the determination of whether the law requires the insurer to provide coverage, and the ruling on the motion for partial summary judgment.”
 
 First Professionals his. Co., Inc. v. McKinney,
 
 973 So.2d 510, 513-14 (Fla. 1st DCA 2007). “Like other contracts, contracts of insurance should receive a construction that is reasonable, practical, sensible, and just.”
 
 Gen. Star Indem. Co. v. W. Fla. Village Inn, Inc.,
 
 874 So.2d 26, 29 (Fla. 2d DCA 2004). “[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.”
 
 Auto-Owners Ins. Co. v. Anderson,
 
 756 So.2d 29, 34 (Fla.2000);
 
 see Riveroll v. Winterthur Int’l Ltd.,
 
 787 So.2d 891, 892 (Fla. 3d DCA 2001). In other words, a single policy provision should not be read in isolation and out of context, for the contract is to be construed according to its entire terms, as set forth in the policy and amplified by the policy application, endorsements, or riders.
 
 See Swire Pac. Holdings, Inc. v. Zurich Ins. Co.,
 
 845 So.2d 161, 166 (Fla.2003);
 
 St. Paul Guardian Ins. Co. v. Canterbury Sch. of Fla.,
 
 548 So.2d 1159, 1160 (Fla. 2d DCA 1989) (finding no ambiguity in insurance contract titled “Trustee and Personnel Liability Policy,” where declaration page of policy listed “insured’s name and address” as the school’s name and address, whereas definitional portion of policy clarified that “insured” meant elected or appointed trustees or school directors and employees, and school paid premiums for a trustee and personnel liability policy). The mere fact that an insurance contract is complex and requires some analysis to interpret it does not, by itself, render the agreement ambiguous.
 
 See Swire Pac. Holdings,
 
 845 So.2d at 165. Absent ambiguity or inconsistency, “insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties.”
 
 Anderson,
 
 756 So.2d at 34.
 

 Mashburn is not eligible for medical expenses coverage under the policy terms as modified by Endorsement 6910. The policy provides “We will pay
 
 medical expenses
 
 for bodily injury sustained by
 
 you
 
 or any
 
 relative
 
 [.]” (emphasis in original). In its “Defined Words” section, the policy provides that
 
 “You
 
 or
 
 Your
 
 — means the named insured or named insureds shown on the declarations page.” (emphasis in original). Thus, to claim
 
 coverage
 
 for medical expenses, Mashburn must be either a “named insured” (that is, “you”) or any relative.
 

 The policy document entitled “Declarations Page” shows the term “NAMED INSURED” (emphasis in original). Only one name is under this heading — Luis Palacios. Because Mashburn is neither a named insured nor a relative of a named insured, she is not entitled to payment of medical expenses under the policy.
 

 Mashburn argues alternatively that the policy is ambiguous as to whether she is entitled to medical payment coverage, and that therefore the policy should be read in favor of coverage. There is no doubt that, in the case of a legitimate ambiguity, the policy is read in the insured’s favor. “However, the rule of liberal construction in favor of the insured applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.”
 
 Gen. Star Indem.,
 
 874 So.2d at 30. Mashburn does not make a cogent case for ambiguity here.
 

 She argues first that the standard policy form states that it will pay medical
 
 *705
 
 expenses for injuries sustained by the “first person named in the declarations,” and that the standard policy form defines “person” as “a human being.” This is true but does not create ambiguity. First, the only person named in the declarations is Palacios. Second, to the extent Mashburn argues there is conflict between the standard form and the endorsement, “[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto.”
 
 McKinney,
 
 973 So.2d at 514 (quoting § 627.419(1), Fla. Stat.). Endorsement 6910 expressly changes the standard policy provision on eligibility for medical expenses coverage. Mashburn does not argue otherwise.
 

 Next, Mashburn argues that neither “declarations page” nor “named insured” is defined in the policy. This is true, but “[t]he lack of a definition of an operative term does not, by itself, create ambiguity.”
 
 Gen. Star Indem.,
 
 874 So.2d at 30 (citing
 
 State Farm Fire & Can. Co. v. CTC Dev. Corp.,
 
 720 So.2d 1072, 1076 (Fla.1998)). Mashburn does not explain what is ambiguous about the term “declarations page” when there is a specific page in the policy with the words “DECLARATIONS PAGE” at the top. Mashburn does not explain what is ambiguous about the term “named insured” when, on that same DECLARATIONS PAGE, there are the words “NAMED INSURED” near the top with the name “Palacios, Luis” immediately below. Mashburn argues that while the term “you” is defined in the policy, it is ambiguous because it is not also defined in the endorsement. This ignores that,
 

 in construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.... In other words, a single policy provision should not be read in isolation and out of context, for the contract is to be construed according to its entire terms, as set forth in the policy and amplified by the policy application, endorsements, or riders.
 

 McKinney,
 
 973 So.2d at 514 (citations omitted).
 

 Mashburn also argues that the endorsement is ineffective because State Farm did not furnish proper notice. By law,
 

 No insurer shall fail to renew a policy unless it mails or delivers to the named insured, at the address shown in the policy, and to the named insured’s insurance agent at her or his business address, at least 45 days’ advance notice of its intention not to renew; and the reasons for refusal to renew must accompany such notice.
 

 § 627.728(4)(a), Fla. Stat. (emphasis added). This statute applies to motor vehicle insurance, including medical expenses coverage. § 627.728(l)(a), Fla. Stat.
 

 The basic argument is that the changes in coverage precipitated by Endorsement 6910 are tantamount to a failure or refusal to renew, that Palacios and Mashburn did not receive the required 45-day notice of the changes, and that therefore the changes are ineffective.
 

 We express no opinion on whether Endorsement 6910 is a failure or refusal to renew under the statute. Rather, we hold that the notice argument is unavailing because (1) Palacios acknowledged receiving notice that Endorsement 6910 was effective, rendering moot any discussion of whether such notice was required; and (2) Mashburn did not raise State Farm’s purported failure to deliver advance notice of the endorsement in her summary judgment motion.
 

 
 *706
 
 A motion for summary judgment must “state with particularity the grounds upon which it is based and the substantial matters of law to be argued.” Fla. R. Civ. P. 1.510(c). “The purpose of this rule is to eliminate surprise and to provide the parties “a full and fair opportunity to argue the issues.... It is reversible error to enter summary judgment on a ground not raised with particularity in the motion.”
 
 Williams v. Bank of Am. Corp.,
 
 927 So.2d 1091, 1093 (Fla. 4th DCA 2006) (citations omitted). Mashburn’s summary judgment motion does not raise the notice issue and does not cite section 627.728. In fact, the motion does not cite any case or make any specific argument at all.
 

 Mashburn argues that, while the motion itself does not raise the argument, the attached affidavits indicated that notice was at issue. This is insufficient. Fla. R. Civ. P. 1.510(c);
 
 Williams,
 
 927 So.2d at 1093.
 

 We dismiss without comment the other proffered justifications for finding Mash-burn eligible for medical expenses coverage. Mashburn simply “is” not covered under the policy. Whether she “should” have been covered because of Appellant’s agent’s action is a different question.
 

 At oral argument, counsel for State Farm characterized this case as a simple matter of contract interpretation; that is, the case is about whether Mashburn is covered. Counsel for Mashburn adamantly disagreed, arguing that the case is about whether State Farm delivered on its promise. Counsel argued that, in 1997, Palacios instructed State Farm’s agent to insure the car he bought for Mashburn in the same manner as the car he drove himself. Counsel argued that State Farm, through its agent, promised to do so, and that State Farm failed to deliver on this promise by altering the eligibility requirements for medical expenses coverage so as effectively to drop Mashburn from coverage that she had originally. Counsel argued that the fact that Mashburn was never a “named insured” was State Farm’s “sin” that “should” result in a finding of coverage. Later, he expressly argued Mash-burn “should have been” covered: in other words, not that Mashburn is covered, but rather that she “should” have been covered.
 

 State Farm’s counsel correctly noted that the lawsuit, as framed, could not support that argument. But we see no reason, and State Farm does not argue otherwise, why the lawsuit could not be framed differently.
 

 We REVERSE the trial court’s summary judgment finding Mashburn is eligible for and entitled to medical expenses coverage. Without expressing any opinion on the merits of such a claim, we REMAND to afford Mashburn the opportunity to establish other theories supporting her claim for medical expenses. Nothing in this opinion shall be construed to abrogate any defenses, including a limitations defense, if applicable.
 

 HAWKES, C.J., and VAN NORTWICK, J., concur.