KELLEY, GLENN D., Associate Judge.
This is an appeal from a final order dismissing with prejudice a complaint for declaratory judgment filed by Flamingo Self Storage, LLC. We reverse.
Flamingo Self Storage, LLC (“Flamingo”) is the owner of a self-storage facility. Flamingo maintained a commercial general liability insurance policy with The Travelers Indemnity Company (“Travelers”). Flamingo was sued by a tenant, Cut N Line, for losses incurred as a result of the theft of the tenant’s trailer which was stored at the self-storage facility.
Pursuant to the insurance policy, Flamingo tendered the defense of the tenant’s suit to Travelers. Travelers denied coverage and asserted that it did not have a duty to defend. Travelers relied on an exclusion from coverage for “property damage to personal property in the care, custody or control of the insured.” Flamingo filed this action seeking, inter alia, a *170 declaratory judgment with regard to Travelers’ duty to defend the tenant’s suit against Flamingo.
The trial court entered a judgment on the pleadings finding in favor of Travelers. The court found that the trailer at issue was in the “care” of Flamingo and, based on this finding, concluded that Travelers did not have a duty to defend.
An insurer’s duty to defend is determined solely by the allegations of the complaint, which must set forth facts which bring the case within the coverage of the policy. Estate of Tinervin v. Nationwide Mut. Ins. Co., 23 So.3d 1232, 1238 (Fla. 4th DCA 2009). Any doubt concerning an insurer’s duty to defend must be resolved in favor of coverage. Id.
The complaint filed against Flamingo by Cut N Line alleged facts which brought the case within the coverage provisions of the policy issued by Travelers. There is nothing within the four corners of the complaint which would permit the trial court to conclude that the property was in the “care, custody or control” of Flamingo. Indeed, the lease agreement between Flamingo and Cut N Line, which is attached to the complaint, expressly states that the tenant’s property is not within the care, custody or control of the lessor.
Application of the “care, custody or control” exclusion is a factual question which requires an analysis of whether the property at issue was within the possesso-ry control of the insured. Shankle v. VIP Lounge, Inc., 468 So.2d 548, 549 (Fla. 5th DCA 1985); see also Phoenix of Hartford v. Holloway Corp., 268 So.2d 195, 199 (Fla. 4th DCA 1972). As such an analysis cannot be made on a motion for judgment on the pleadings; the order dismissing the complaint must be reversed.

Reversed and remanded for further proceedings consistent with this opinion.

HAZOURI and GERBER, JJ., concur.