PER CURIAM.
We review the propriety of a summary judgment concluding that there existed no coverage under an automobile liability policy for injuries to Appellant arising from the negligent operation of a “non-owned” automobile by the named insured. We hold that the trial court correctly determined that the policy unambiguously excluded coverage for the “non-owned” automobile because it was “available or furnished for the regular use of [the] insured.”
Appellee issued a commercial automobile insurance policy to T & T Nursery and a personal automobile insurance policy to Thomas DeGeorge, a co-owner of the nursery. The commercial policy covered a 1997 Ford F-350 pickup truck owned by the nursery. DeGeorge enjoyed regular use of the F-350 for business and personal purposes. He was operating the F-350 when it was involved in a collision with Appellant. Appellee’s liability under the commercial policy is not at issue. The only issue is coverage under DeGeorge’s personal policy because the F-350 was only listed as a covered automobile on the T & T Nursery commercial policy, not the personal policy. Appellee contends that, as to DeGeorge’s personal policy, the F-350 was a “non-owned” vehicle, which was not covered because it was “available or furnished for the regular use of [the] insured” and expressly excepted from coverage. Appellant argues that coverage is *148 available because of an ambiguity in the policy.
The pertinent policy language provides liability coverage when an “insured person” causes damages while operating an “auto we insure.” Appellee concedes that DeGeorge was an “insured person,” so the dispute turns on the definition of the phrase “auto we insure.” That phrase is not specifically defined in the policy, but the policy does define the phrase “insured auto.” By definition, “insured auto” includes “non-owned” automobiles, but not if they are “available or furnished for the regular use of [the] insured.” Appellee contends that the definition of “insured auto” is applicable, notwithstanding the slight variation between the phrases, because the phrases are synonymous. Appellant maintains that the variation in the phrases suggests that “auto we insure” was intended to mean something other than “insured auto,” as defined. We agree with Appellee. We think “auto we insure” is synonymous with “insured auto.” This is the only reasonable construction of the contract, giving effect to each provision in the contract, as we must. See State Farm Mut. Auto. Ins. Co. v. Mashburn, 15 So.3d 701, 704 (Fla. 1st DCA 2009) (insurance policy should be construed in “reasonable, practical, sensible, and just” manner, giving effect to each contractual provision). We have considered and specifically reject Appellant’s contention that the definition of “insured person” leads to an alternative construction of the phrase “auto we insure.” The policy definition of “insured person” is just that, a definition of “insured person,” not “auto we insure.” Although it defines “insured person” differently under two alternative scenarios— when an insured auto is owned and when it is non-owned — nothing in that definition creates an ambiguity in the phrase “auto we insure.”
Even if we were to determine that an ambiguity exists and did not apply the stated definition of “insured auto,” we would still be required to give some meaning to the phrase “auto we insure.” The plain and ordinary meaning of this phrase would certainly not include a non-covered automobile. Thus, no coverage is afforded under either potential construction. See Weldon v. All Am. Life Ins. Co., 605 So.2d 911, 915 (Fla. 2d DCA 1992) (insured gets benefit of ambiguity if alternative construction leads to coverage).
AFFIRMED.
MONACO, C.J., TORPY and JACOBUS, JJ., concur.