CIKLIN, J.
Ekaterini Alexopoulos appeals the trial court’s entry of final summary judgment in favor of the defendants, Gordon Hargrove & James, P.A. and Mark Blumstein (collectively referred to as “Gordon Hargrove”). The trial court based its decision to grant summary judgment solely on its finding that Alexopoulos did not have standing to bring her legal malpractice claims against Gordon Hargrove. Because Gordon Har-grove did not raise the issue of standing sufficiently in its motion for summary judgment, and never raised standing as an affirmative defense, we are compelled to reverse the summary judgment. Because we are reversing the summary judgment, we find that Alexopoulos’s appeal of the post-judgment order granting Gordon Hargrove’s motion for attorneys’ fees is moot, even though we would not have had jurisdiction to rule on it because it determined only entitlement to fees.
A review of the complicated litigation below is unnecessary to resolve this appeal. At one point during the proceedings, Gordon Hargrove filed a motion for summary judgment, which explicitly stated that Gordon Hargrove was entitled to summary judgment “on two bases.” These bases were (1) that Alexopoulos abandoned any claims against Gordon Hargrove due to her entering into a settlement agreement with a third party, and (2) that the record contained no evidence that Gordon Hargrove was the proximate cause of Alexopoulos’s damages.
On page seventeen of the nineteen-page motion, Gordon Hargrove stated in a con-clusory, one-sentence footnote that Alexo-poulos did not have standing to pursue her claims. Gordon Hargrove cited no case law or other authority for this proposition.
The trial court issued an order granting the motion for summary judgment. In its order, the trial court explicitly held that it was basing its order solely on the grounds that Alexopoulos did not have standing to bring the claims against Gordon Hargrove. The trial court then entered the final judgment which Alexopoulos appeals, arguing that the trial court granted summary judgment based on a ground not sufficiently raised by Gordon Hargrove.
We review an order granting summary judgment de novo. See Leben v. State Farm Fla. Ins. Co., 98 So.3d 528, 529 (Fla. 4th DCA 2012).
“It is reversible error to enter summary judgment on a ground not raised with particularity in ' the motion.” Williams v. Bank of Am. Corp., 927 So.2d 1091, 1093 (Fla. 4th DCA 2006) (citation omitted). The moving party is required to raise the grounds for summary judgment with particularity in order to “eliminate surprise and to provide the parties a full and fair opportunity to argue the issues.” Id. (citation and quotation marks omitted); see also Fla. R. Civ. P. 1.510(c) (“The *250 motion [for summary judgment] shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued-” (emphasis added)).
In Williams, we rejected the appellee’s argument that its “single conclusory statement regarding liability, contained in a footnote of a nineteen-page memorandum of law devoted solely to the statute of limitations issue, sufficed as a separate ground for its motion for summary judgment.” Williams, 927 So.2d at 1093. We are compelled to reach the same result as we did in Williams. Gordon Hargrove explicitly limited its motion for summary judgment to two grounds and then raised the additional issue of standing in a single, conclusory footnote comprised of one sentence without a single legal citation. This footnote did not provide Alexopoulos adequate notice that she would be required to offer record evidence to refute the allegations of lack of standing and to offer a legal rebuttal as to this issue. We conclude that standing was not sufficiently raised by Gordon Hargrove, the moving party, in its motion for summary judgment. Therefore, the trial court erred in relying on this ground in entering summary judgment.
Additionally, the record reveals that Gordon Hargrove asserted fourteen affirmative defenses to Alexopoulos’s claims but none suggested or otherwise raised lack of standing. “[L]ack of standing is an affirmative defense that must be raised by the defendant and the failure to raise it generally results in waiver.” Phadael v. Deutsche Bank Trust Co. Ams., 83 So.3d 893, 895 (Fla. 4th DCA 2012). Gordon Hargrove’s failure to raise lack of standing as an affirmative defense thus provides additional grounds for reversing the summary judgment.
Finally, Alexopoulos has also appealed the trial court’s post-judgment order finding Gordon Hargrove to be entitled to attorneys’ fees but not setting the amount. Because we are reversing the summary judgment, this issue regarding attorneys’ fees is moot. However, mootness aside, orders awarding attorneys’ fees are only final and therefore appealable once the trial court has set the amount of those fees. An order merely finding entitlement to attorneys’ fees is a non-final, non-appealable order. See, e.g., Winkelman v. Toll, 632 So.2d 130, 131 (Fla. 4th DCA 1994) (“[Ojrders granting attorney’s fees without determining amount are not ripe for appellate review.”).

Reversed and remanded.

WARNER, J„ and BLANC, PETER D„ Associate Judge, concur.