[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14780
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23020-RNS

ABCO PREMIUM FINANCE, LLC,

Plaintiff-Appellant,

versus

AMERICAN INTERNATIONAL GROUP, INC., et al.,

Defendants,

UNITED STATES FIRE INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 9, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

ABCO Premium Finance, LLC, appeals the summary judgment in favor of United States Fire Insurance Company and National Union Fire Insurance Company of Pittsburg.  ABCO, an insurance premium finance company, decided to insure itself against potential losses, such as fraud, by purchasing a financial institution bond from US Fire and an excess insurance policy from National Union. ABCO discovered that it had been defrauded and filed claims with US Fire and National Union, but the companies denied coverage based on a retroactive date rider in the bond that also had been incorporated into the policy.  ABCO sued the companies for breach of contract, but the district court ruled that the loss caused by the fraud was excluded from coverage under the rider.  We affirm.

The rider restricted coverage to losses incurred after a retroactive date.  The rider inserted for section 3 a substitute that provided that the bond and insurance policy covered only a "single loss" that occurred after April 24, 2009:

RETROACTIVE DATE RIDER

It is agreed that

1[.]    The attached bond/policy is amended deleting Section 3 – Discovery[.]

2.    The attached bond/policy is further amended by inserting the following as Section 3.

Section 3

2

RETRO ACTIVE DATE-        April 24, 2009
                         month day year

This bond/policy applies only to a Single Loss, as defined in section 4, which was sustained in its entirety after the Retroactive Date set forth above.  All acts or omissions causing or contributing to such Single Loss . . . must occur after the Retroactive Date for coverage under this bond/policy to apply. Such Single Loss must be discovered by the Insured during the Bond/Policy period.

And section 4 of the bond defined "Single Loss" to include all monetary losses

suffered from a discrete event or a related series of events committed by one

person.

## Single Loss Defined

Single Loss means all covered loss, including court costs and attorneys' fees incurred, . . . resulting from

(a) any one actor series of related acts of burglary, robbery or attempt thereat, in which no Employee is implicated, or

(b) any one act or series of related unintentional or negligent acts or omissions on the part of any person (whether an Employee or not) resulting in damage to or destruction or misplacement of Property, or

(c) all acts or omissions other than those specified in (a) and (b) preceding, caused by any person (whether an Employee or not) or in which such person is implicated, or

(d) any one casualty or event not specified in (a), (b) or (c) preceding[.]

3

ABCO sought to recover for fraud committed by an insurance broker, Jose Vicente Peris, who had signed a producer agreement with ABCO. Peris had access to blank finance agreements and computer systems that he misused to process fraudulent loan applications. Beginning in March 2007, Peris began obtaining loans for fictitious clients and depositing the money into his bank account. In July 2009, ABCO discovered that Peris had submitted more than 3,000 fraudulent contracts and defrauded the company of more than $7 million.

US Fire and National Union were entitled to a summary judgment because the uncontroverted evidence establishes that the claim of ABCO was excluded from coverage. ABCO submitted Peris's affidavit in which he admitted that he "created and engaged in a scheme to fraudulently obtain monies from ABCO" and "[e]ach time . . . [he] submitted a fraudulent contract to ABCO, [he] engaged in the same scheme." The affidavit established that Peris's fraud resulted in a "single loss" to ABCO, but the rider also required that "[a]ll acts or omissions causing or contributing to [the] "single loss . . . occur after the Retroactive Date" and that the "Single Loss [of ABCO] . . . [be] sustained in its entirety after the Retroactive Date." See State Farm Mut. Auto. Ins. Co. v. Mashburn, 15 So. 3d 701, 704 (Fla. Dist. Ct. App. 2009) ("[T]he contract [of insurance] is to be construed according to its entire terms, as set forth in the policy and amplified by the policy application,

4

endorsements, or riders.").  Peris's scheme to defraud commenced in March 2007, and a sizeable portion of the loss from his scheme occurred before April 24, 2009. The loss suffered by ABCO was not a claim covered by the plain language of the bond issued by US Fire or the excess insurance policy issued by National Union.

We **AFFIRM** the summary judgment in favor of US Fire and National Union.