[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12138
_____

D.C. Docket No. 1:16-cv-24507-FAM


SHELITHEA HALLUMS and SAMUEL CASTILLO,
individually and as representatives of a class of
similarly situated persons,

Plaintiffs - Appellants,

versus

INFINITY INSURANCE COMPANY,
INFINITY AUTO INSURANCE COMPANY, and
JPMORGAN CHASE BANK, N.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 17, 2019)

Before WILLIAM PRYOR, MARTIN, and SUTTON,[*] Circuit Judges.

MARTIN, Circuit Judge:

Shelithea Hallums and Samuel Castillo purchased vehicle insurance which they say is illusory because it insures no risk for which the insured can be liable. They brought a putative class action seeking damages and a declaration that this insurance product is not valid. The District Court held that the insurance product is not illusory and granted summary judgment to the defendants. After oral argument and thorough consideration, we agree and affirm the judgment of the District Court.

## I.

### A.

Infinity Insurance Company is an Indiana corporation that sells insurance products throughout Florida. Its principal place of business is in Alabama. Infinity Insurance Company, directly and through subsidiaries, provides personal automobile insurance, primarily targeted to "urban" and Hispanic drivers in Arizona, California, Florida, and Texas. Infinity Auto Insurance Company—an Ohio corporation that sells insurance products throughout Florida, with its principal place of business in Alabama—is one such subsidiary. We refer to the companies together as "Infinity."

---

[*] Honorable Jeffrey S. Sutton, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Ms. Hallums, a citizen of Florida, leased a 2016 BMW X6 from South Motors BMW, which assigned the lease to Financial Services Vehicle Trust.  Mr. Castillo leased a 2017 Land Rover Discovery Sport from Land Rover North Dade, LLC, which assigned the lease to JP Morgan Chase Bank, N.A.  Both leases required the plaintiffs to maintain liability insurance with limits of $100,000 for bodily injuries per person, $300,000 for bodily injuries per accident, and $50,000 for property damage per accident (commonly referred to as "100/300/50 limits").  Failure to comply with this requirement could result in termination of the lease and repossession of the automobile.

Through independent insurance agents, Ms. Hallums and Mr. Castillo separately applied for insurance with Infinity in 2016.  Instead of applying for policies with 100/300/50 limits for all insured, the plaintiffs applied for policies with lower limits for themselves but 100/300/50 limits covering only the lessors.  The lessors accepted the product as fulfilling the requirements of the plaintiffs' leases.

The product that provides 100/300/50 limits for the plaintiffs' lessors is Infinity's Lessor Liability Endorsement (the "Endorsement").  The Endorsement reads as follows:

> This additional coverage will apply to damages your lessor becomes legally obligated to pay that arise from and are legally related to a loss covered under your policy.  The coverage provided by this endorsement

3

. . . is available only to indemnify your lessor pursuant to the terms listed herein.

App. of Appellants, Vol. I, Doc. 5-2 at p.9.  Once selected, the Endorsement was incorporated into the broader insurance policy purchased by the plaintiffs.  The Florida Office of Insurance ("OIR") has approved the form of Infinity's Endorsement in Florida, as well as its rate for each policy type.  The OIR also approved the formula that Infinity uses to calculate its rates.  Neither plaintiff has made any claim against their Infinity policies.

B.

A federal statute, known as the Graves Amendment, bars claims of vicarious liability against vehicle lessors.  See 49 U.S.C. § 30106(a).  The Graves Amendment does not bar claims of negligence or criminal wrongdoing on the part of the lessor.  See § 30106(a)(2).

Ms. Hallums[1] filed her complaint in the U.S. District Court for the Southern District of Florida on October 27, 2016.  She alleged the Endorsement is illusory because it only provides coverage for vicarious liability against lessors, and that

---

[1] When the complaint was filed, Ms. Hallums was the only named plaintiff.  Mr. Castillo was added as a named plaintiff on October 27, 2017, when the plaintiffs filed their first amended complaint.  In addition, while Infinity Insurance Company and Infinity Auto Insurance Company were originally the only defendants, JPMorgan Chase Bank, N.A. was added as a nominal defendant on March 26, 2018, following the District Court's order to add Mr. Castillo's lessor as a defendant.

4

liability is foreclosed by the Graves Amendment. Infinity moved to dismiss the complaint, but the District Court denied that motion on September 22, 2017.

Following discovery, both sides moved for summary judgment and the plaintiffs moved for class certification. On April 20, 2018, the District Court denied the plaintiffs' motion for summary judgment and granted the motion for summary judgment filed by Infinity. The District Court held that the plaintiffs have standing to bring their claims, but their claims ultimately fail because the Endorsement is not limited to coverage for pure vicarious liability claims (and even if it were, a duty to defend would still exist). Hallums v. Infinity Ins. Co., 309 F. Supp. 3d 1333, 1336–42 (S.D. Fla. 2018). The plaintiffs timely appealed.

## II.

Article III limits the subject-matter jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Article III standing has three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. ___, 136 S. Ct. 1540, 1547 (2016). The injury-in-fact element is the "first and foremost" of the three. Id. (alteration adopted and quotation marks omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or

5

imminent, not conjectural or hypothetical." Id. at 1548 (quotation marks omitted). "A concrete injury need be only an 'identifiable trifle.'" Salcedo v. Hanna, 936 F.3d 1162, 1167 (11th Cir. 2019) (quoting United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 689 n.14, 93 S. Ct. 2405, 2417 n.14 (1973)). A party's standing to bring suit "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1359 (11th Cir. 2007) (quotation marks omitted).

Infinity argues that the plaintiffs have no standing to bring their claim. In support, Infinity asserts the plaintiffs "must show that they did not get what they bargained for," which in this case is "compliance with their leases' insurance requirements and, thus, possession of their cars." According to Infinity, it is not enough that the plaintiffs paid premiums on a policy they say provides no coverage. We reject this argument.

The plaintiffs "have met [the] burden [of standing] by alleging harm in the form of premium payments on illegal policies." Dubuisson v. Stonebridge Life Ins. Co., 887 F.3d 567, 575 (2d Cir. 2018); see also London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1252 (11th Cir. 2003) ("Florida courts recognize paying consideration for an illegal contract as an injury per se."). In this case, the plaintiffs' injury is equal to "the difference in price between what they would have

6

paid for the [Endorsement] with full information"—zero dollars—"and what they in fact paid." See Dubuisson, 887 F.3d at 575. The plaintiffs did not bargain with Infinity for possession of their cars; they bargained for insurance. If it were the case that the insurance product was illusory, the bargain would have been upset and the plaintiffs would be injured. It matters not that the plaintiffs filed no claim under the Endorsement, because the alleged injury occurred at the time they paid for the Endorsement.

The plaintiffs seek damages for payment in consideration of an illusory insurance policy. This is enough for standing. Satisfied we have jurisdiction to hear this case, we proceed to the merits of this appeal.

**III.**

A.

We review de novo a district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party. Bank of Brewton v. Travelers Cos., 777 F.3d 1339, 1341–42 (11th Cir. 2015) (per curiam). We also review de novo the interpretation of an insurance contract, including the existence of a duty to defend. See EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am., 845 F.3d 1099, 1105, 1107–08 (11th Cir. 2017); Nat'l Union Fire Ins. Co. v. Travelers Ins. Co., 214 F.3d 1269, 1272 (11th Cir. 2000). Courts must grant summary judgment when "the

7

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  We may affirm a grant of summary judgment on any ground supported by the record.  See Thompkins v. Lil' Joe Records, Inc., 476 F.3d 1294, 1303 (11th Cir. 2007).

This action was brought in federal court on the basis of the Class Action Fairness Act's grant of diversity jurisdiction.  See 28 U.S.C. § 1332(d).  "Thus, state law applies to any issue not governed by the Constitution or treaties of the United States or Acts of Congress." Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., 601 F.3d 1143, 1148 (11th Cir. 2010).  The District Court analyzed the claims under Florida law, and neither side rejects this approach.  Thus, we will likewise examine the various claims asserted on appeal under Florida law.  Id.

B.

Infinity offers three separate grounds by which we may affirm the District Court: (1) the Endorsement is not illusory because it provides coverage for more than just vicarious liability; (2) the Endorsement is not illusory because it imposes on Infinity a duty to defend lessors from claims of vicarious liability; and (3) the plaintiffs' action is barred by the filed rate doctrine.  We choose door number two.

Under Florida law,

> [i]t is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage.  The duty to defend must be determined from the allegations in the complaint.

8

> The duty to defend is of greater breadth than the insurer's duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless. Indeed, when the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend. Any doubts regarding the duty to defend must be resolved in favor of the insured.

Hartford Accident & Indem. Co. v. Beaver, 466 F.3d 1289, 1292 (11th Cir. 2006) (quoting Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442–43 (Fla. 2005) (per curiam)). We are also aware that the covered party's defenses to liability are irrelevant to whether a duty to defend exists. See Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc., 771 So. 2d 579, 580 (Fla. 4th DCA 2000). "[T]he central inquiry in a duty to defend case is whether the complaint 'alleges facts that fairly and potentially bring the suit within policy coverage.'" Beaver, 466 F.3d at 1292 (quoting Jones, 908 So. 2d at 443).

The policy imposes a duty to defend on Infinity. See App. of Appellants, Vol. II, Doc. 68-2 at p.21 ("We will settle or defend . . . any claim or action which is covered under the policy. . . . We have no duty to settle or defend any claim or action that is not covered under the policy."). The duty to defend extends to all aspects of the policy, including the Endorsement. See id. at p.19 ("The contract includes . . . endorsements . . . ."); see also State Farm Mut. Auto. Ins. Co. v. Mashburn, 15 So. 3d 701, 704 (Fla. 1st DCA 2009) ("[An insurance] contract is to

9

be construed according to its entire terms, as set forth in the policy and amplified by the policy application, endorsements, or riders.").

Because the Endorsement is part of the insurance contract, and because the Endorsement covers claims of vicarious liability against lessors, a complaint alleging vicarious liability against a lessor would fairly and potentially fall within the policy coverage. See EmbroidMe.com, 845 F.3d at 1107 ("[A]n insurer's duty to defend under Florida law is determined solely by the allegations of the complaint in which the insured has been sued, and if those allegations identify facts within the scope of the policy's coverage, the insurer must defend."). It does not matter for duty-to-defend purposes that the Endorsement may only protect against claims foreclosed by federal law: the Graves Amendment is a defense to liability, not coverage.[2] See 49 U.S.C. § 30106(a). And, as we have already observed, the duty to defend is broader than the duty to indemnify. Beaver, 466 F.3d at 1292; see EmbroidMe.com, 845 F.3d at 1107 (stating that, under Florida law, the duty to defendant "is determined solely by the allegations of the complaint" and that the insurer must defend "if those allegations identify facts within the scope of the policy's coverage"). Of course, an insurer must defend against plainly unmeritorious claims, Beaver, 466 F.3d at 1292, as well as claims

---

[2] As noted above, we do not address either side's contentions regarding the scope of the Endorsement's indemnity coverage.

10

for which coverage may not clearly exist under the policy, EmbroidMe.com, 845 F.3d at 1107; Mid-Continent, 601 F.3d at 1149.  That principle resolves this appeal.

As the District Court observed, the duty to defend imposed by the Endorsement is no illusory promise:

> Post-Graves, Infinity must continue defending lessors sued for claims that are barred by the law, because inevitably, a lessor will be named as a defendant under a theory of vicarious liability, as a result of the lessee's alleged negligence.  In such a case, a lessor will incur cost associated with hiring counsel that will: analyze the claims asserted and determine whether the suit is grounded in vicarious liability, and therefore foreclosed by Graves, or the savings clause, and therefore permitted to proceed against the lessor; presumably file a motion to dismiss relying on Graves as a defense if vicarious liability is asserted; and potentially defend the case on appeal.

Hallums, 309 F. Supp. 3d at 1342.  Infinity has these duties regardless of whether lawsuits alleging acts within the Endorsement's scope are likely—or even able—to succeed in court.  And the record shows that lessors continue to be sued under vicarious liability, even after the Graves Amendment.  See App. of Appellees, Vol. V, Doc. 77-1 at pp.10–20 (collecting lessor vicarious liability actions).  Even if this were a close case, "[a]ny doubt concerning an insurer's duty to defend must be resolved in favor of coverage."  Flamingo Self Storage, LLC v. Travelers Indem. Co., 43 So. 3d 168, 170 (Fla. 4th DCA 2010); see Beaver, 466 F.3d at 1292.

11

## IV.

Because the Endorsement imposes on Infinity a duty to defend lessors from claims of vicarious liability, the Endorsement is not illusory.  We need not reach the other grounds put forward by Infinity.

**AFFIRMED.**