[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11012

Non-Argument Calendar

_____

PAUL JACKSON,

Plaintiff-Appellant,

versus

MIDNIGHT EXPRESS POWER BOATS, INC.,
A Foreign Profit Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22160-MGC

———————————

Before LAGOA, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Paul Andrew Jackson, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the defendant, Midnight Express Power Boats, Inc. ("Midnight Express"), as to Jackson's claims for: (i) unpaid sick leave; and (ii) retaliation under the Emergency Paid Sick Leave Act ("EPSLA") of the Families First Coronavirus Response Act ("FFCRA").[1]  Jackson also argues that the district court erred in not addressing his claim for violations of Occupational Safety and Health Administration ("OSHA") regulations.  After thorough review, we affirm.

I.

We review a district court's summary judgment ruling *de novo*, viewing the facts in the light most favorable to the non-movant. *Hallums v. Infinity Ins. Co.*, 945 F.3d 1144, 1148 (11th Cir. 2019).  Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Documents filed by *pro se* litigants are to be liberally construed and must be held to less stringent standards than documents drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

———————————

[1] *See* Pub. L. No. 116-127, §§ 5102(a)(2), 5104(1), 134 Stat. 178, 195–97 (2020).

## II.

First, we are unpersuaded by Jackson's argument that the district court erred in granting summary judgment to Midnight Express on his claim for unpaid sick leave under the Emergency Paid Sick Leave Act. Congress passed the Families First Coronavirus Response Act to provide relief to American workers during the COVID-19 pandemic. *See* Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (Mar. 18, 2020). The EPSLA, which is a part of the FFCRA, required employers to provide paid sick leave to employees with COVID-19 throughout the fiscal year ending September 30, 2020. *See* FFCRA § 5102.

Under the EPSLA, an employer who failed to provide sick leave was considered to have failed to pay the minimum wage under the Fair Labor Standards Act ("FLSA"). 29 C.F.R. § 826.150(b)(1). The EPSLA requires an employee to provide notice to the employer to qualify for sick leave by providing (1) the employee's name, (2) the date(s) the employee is requesting leave, (3) a qualifying reason for leave, and (4) an oral or written statement that the employee is not able to work due to a qualified reason for leave. *Id.* § 826.100. The qualifying reason for leave pertinent to this case is when "[t]he Employee is experiencing symptoms of COVID-19 and seeking medical diagnosis from a health care provider." *Id.* § 826.20(a)(iii).

Here, the district court did not err in granting Midnight Express's motion for summary judgment as to Jackson's claim for unpaid sick leave under the EPSLA. According to Jackson's version

of events, one Friday in May 2020, while he was working for Midnight Express, he began experiencing COVID-19 symptoms and immediately clocked out of work, informing a co-worker that he needed to leave. He claims that later the same day, he mailed a letter to Midnight Express's Human Resources ("HR") Department, noting that he was unable to work because of COVID-19, and he requested leave. On the following Monday, HR officials told him that his job had already been terminated.

The record reflects that there is a factual dispute as to whether Jackson left work because he had COVID-19, a "qualifying reason for leave" under the Act, or whether he left work because he had been reprimanded that day. Nevertheless, even when we view the facts in the light most favorable to Jackson, he is not entitled to relief under the EPSLA because he failed to satisfy its notice requirements. In both his letter and phone call to Midnight Express, Jackson said only that he was "requesting time away to recover and seek medical aid," but he never gave the date or dates for which leave was requested. *Id.* § 826.100. Because Jackson failed to satisfy the EPSLA's notice requirements, he was not entitled to paid sick leave under the Act, regardless of whether he had COVID-19. We, therefore, affirm the district court's grant of summary judgment to Midnight Express on Jackson's claim for unpaid sick leave.

III.

We also are unconvinced by Jackson's argument that the district court erred in granting summary judgment to Midnight

22-11012                Opinion of the Court                5

Express on his claim of retaliation under the EPSLA.  Under the EPSLA, an employer who discharges, disciplines, or discriminates against an employee for seeking to exercise his rights thereunder is considered to have violated § 15(a)(3) of the FLSA.  *See* 29 C.F.R. § 826.150(b)(2).  To establish a *prima facie* case of retaliation under the FLSA, the plaintiff may demonstrate that: (1) he engaged in a protected activity under the Act; (2) he subsequently suffered an adverse action by the employer; and (3) there was a causal connection between the employee's activity and the adverse action.  *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000).  The plaintiff has the burden of proving causation by demonstrating that "the adverse action would not have been taken but for the assertion of FLSA rights," where the adverse action must occur after the assertion of FLSA rights.  *Id.* (quotations omitted).

Here, there is no genuine dispute of fact concerning whether Jackson established a prima facie case of retaliation under the FLSA.  For starters, as we've explained, Jackson did not qualify for paid leave under the EPSLA, since he did not comply with the notice requirements.  Accordingly, it's not clear that Jackson engaged in protected activity for purposes of a retaliation claim.  *Id.*

But even if Jackson had engaged in protected activity, he has provided no evidence of causation that Midnight Express terminated his employment because of his exercise of rights under the EPSLA.  Rather, the company informed him that he had been taken off the payroll because it believed he had quit his job, which occurred *before* it was even aware that Jackson allegedly had COVID-

19. Indeed, taking the evidence in a light most favorable to Jackson, it showed that he put a letter in the mail seeking sick leave under the EPSLA the evening after he left work and, notably, after his employment was terminated. Further, even if Jackson was sick, he said he notified a co-worker that he was feeling ill but did not mention COVID-19 or its symptoms. Thus, Jackson has not offered any evidence to suggest that Midnight Express fired him after it discovered he intended to exercise his rights under the EPSLA. *Id.* We, therefore, affirm the district court's grant of summary judgment to Midnight Express on Jackson's retaliation claim.

## IV.

Finally, we find no merit to Jackson's argument that the district court erred by not addressing his OSHA violation allegations. "A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Id.* "[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotations omitted).

Here, because Jackson did not raise an OSHA claim until he opposed Midnight Express's motion for summary judgment, and because he did so without amending his complaint, it was not properly before the district court. *Gilmour*, 382 F.3d at 1315. As a

22-11012                Opinion of the Court                7

result, the district court did not err in declining to address it.  Further, to the extent he is raising additional OSHA allegations now for the first time on appeal, we will not consider that claim either. *Access Now*, 385 F.3d at 1331.

**AFFIRMED.**